June Term, 1861.

WHITE
v.
APPLETON et al.

WHITE vs. APPLETON and others.
SAME vs. SAME.

An appeal from two judgments rendered in different suits and from the several orders made in the suits before and after judgment, by one notice of appeal referring to all the orders and judgments, and by one undertaking, was *held* to be irregular, and was for that reason dismissed.

APPEAL from the Circuit Court for *Racine* County.
*G. B. Judd,* and *Paine & Millet,* for appellants.
*A. W. Farr, contra.*

November 2. *By the Court,* COLE, J. We think the appeal in the above cases must be dismissed.

The notice of appeal states "that the appeal is taken from the judgments rendered and entered in the above entitled actions respectively, on or about the 12th day of November, 1859, and on or about the 4th day of May, 1860, and from each and every part thereof, and each of them; from all and every order of said circuit court intermediate to said judgments and each of them; from the order or orders of said circuit court in said actions and each of them, bearing date at the foot thereof on or about the 23d day of October, 1860, and from each and every part of such order or orders; from the order or orders of said circuit court in said actions and

each of them, bearing date on or about the 17th day of October, 1860; and from all and every other or further order or decision of said circuit court in said actions and each of them, to the supreme court of Wisconsin."

There is one undertaking given, which states that it is to secure the payment of, all costs and damages which may be awarded against the appellants, or any of them, on the appeal, not to exceed the sum of two hundred and fifty dollars; and also to secure any deficiency that may arise on the sale of the mortgaged premises, pursuant to any judgment in said actions, not to exceed two hundred dollars.

These actions, as it would readily be inferred, were brought to foreclose two mortgages. The mortgage mentioned in the second suit embraced about eleven acres of land not included in the former, but was given to secure the payment of the same debt. The actions proceeded to judgments without opposition. After the sale of the mortgaged premises, the appellant *Samuel B. Appleton*, who was a subsequent purchaser, took steps to stay the proceedings and vacate the sales and judgments. It is not necessary to allude to the various steps taken to accomplish this object of staying the proceedings and setting aside the sales, further than to say that the circuit court finally denied the application. Then this appeal was taken from both judgments, and from each and every order made in the two suits, as well before as after judgment—thus, as will be seen, attempting to embrace and bring up in one appeal two distinct judgments rendered in two independent suits, and all the orders made in those suits before and after judgment. Is such a practice regular and proper? For the most obvious reasons, we think it is not, and cannot be sanctioned.

Chapter 264, Laws of 1860, regulates and prescribes the practice in bringing causes to this court on appeal. The various steps necessary to be taken in order to render an appeal effectual, are clearly pointed out by that statute. It certainly cannot be necessary to refer in detail to all the provisions of that law upon this subject. The party appealing is required to serve a written notice upon the adverse party, and on the clerk of the court in which the judgment or or-

der appealed from is entered, stating the appeal from the same, and whether the appeal is from the whole or some part thereof. If the appeal is from a part of such order or judgment, then the party is required to specify from which part he appeals. Section 3. The object of this provision is manifest. It is to compel the party to indicate the particular order or part of order or judgment of which he complains. It is true that the statute provides that where the appeal is from a judgment, this court may review an intermediate order involving the merits and necessarily affecting the judgment, although there has been no distinct appeal from such order. Section 6. But this does not prove that a party appealing generally from a judgment and all orders made in the cause before and after judgment, can have such orders reviewed. A fortiori should he not be permitted to embrace in one appeal two distinct judgments. For if he may embrace in one appeal two distinct judgments and have them reviewed here, why may he not embrace in one appeal a dozen different judgments, or a greater number? It will be borne in mind that the statute requires, in order to render an appeal effectual for any purpose, that the appealing party shall give a written undertaking in the sum of two hundred and fifty dollars, conditioned as therein prescribed. The clear intent of this is to provide some security to the opposing party for costs and damages which might be awarded him on the appeal. If the practice adopted in the present case is to prevail, it will be very easy to evade and nullify the benefits of such a provision, by simply embracing in one appeal several judgments, and by giving one undertaking for the amount prescribed. When an appeal is taken from a judgment and all preceding orders in the cause, it may perhaps be said that it brings up for review such judgment and those orders which involve the merits and affect the judgment, but no more. It cannot bring up orders entered subsequent to the judgment. Much less can an appeal bring up two or more judgments. For this court might find it necessary to reverse one judgment, affirm another, and modify a third, and so on. And we can see no stronger reason for holding that two or more judgments may be

brought to this court by one appeal, than for saying that two
or more distinct suits might be commenced by one summons
or process.

For these reasons we deem the appeal in these cases irreg-
ular, and that it must be dismissed.