### CHAMBERLAIN vs. SAGE and another.

Where there is a single notice of appeal from a judgment and a subsequent order, and a single undertaking, the appeal does not bring up to the supreme court either the judgment or the subsequent order, but is entirely without effect.

The statute contemplates a distinct appeal from each judgment and each subsequent appealable order.

APPEAL from the Circuit Court for *Racine* County.

In this case a judgment was entered October 26th, 1860, for the foreclosure of a mortgage and for the sale of the mortgaged premises. The defendants excepted to certain findings of the court as to matters of fact, and to its conclusions of law, and to the order for judgment. In February, 1861, the defendant *Sage* moved the court, upon affidavits and upon the judgment roll, to set aside the judgment and all subsequent proceedings. The motion was denied, February 21st, and *Sage* excepted. The notice of appeal states that *Sage* appeals from the judgment entered on the 26th of October, 1860, and from every part thereof, and from the order for judgment bearing date the same day, and every part thereof, and from the order bearing date February 21st, 1861, denying the motion of said defendant for relief in said action, and from each and every other order or decision of the court in said action. The appeal bond is dated March 4th, 1861, and after stating the title of the case, is in substance as follows: Whereas, on or about the 26th of October, 1860, the above named plaintiff recovered a judgment against the defendants in this action, to foreclose certain mortgages therein mentioned, &c., and for a sale of the mortgaged premises therein described; and whereas the defend-

ant *Sage,* feeling aggrieved thereby and by certain orders and decisions of the court in said action, intends to appeal therefrom and from each and every of them, and each and every part thereof, to the supreme court of the state of Wisconsin; now therefore we, &c., undertake that said appellant will pay all the costs and damages which may be awarded against him or the defendants on said appeal, not exceeding two hundred and fifty dollars, and any deficiency that may arise upon a sale of such mortgaged premises, not exceeding two thousand dollars, and all costs and damages that may be awarded to the respondent on said appeal.

*George B. Judd,* for appellant.

*Lyon & Adams,* for respondent.

November 2.    *By the Court,* PAINE, J.    In the cases of *White vs. Appleton and others,* where an appeal was attempted to be taken from two different judgments, and divers orders before as well as subsequent to the judgment, by giving one notice referring to all the orders and the judgments, and one undertaking in the sum of $250, we dismissed the appeal for the reason that different judgments and orders could not be joined together and appealed from by the wholesale in that way.    The statute allows this court, on an appeal from a judgment, to review any intermediate order affecting the judgment.    But outside of the authority conferred by that provision, we think the statutes evidently contemplate a separate appeal for each judgment or appealable order.

In this case there is only one judgment; but the appellant has attempted to appeal from that and from a subsequent order, joining both in one notice and undertaking.    We hesitated as to whether in such a case we could hold the appeal good for either the judgment or order, though not for both, but finally concluded that we could hold it good for neither. If it could be held good for either, it is obvious that one might be selected as well as another.    If we could say it was good for the judgment, we could say as well that it was good for the order.    Yet this could only be done at all upon the theory that such an appeal brought them both up, subject

to such selection. And we do not think such a theory could be sustained. If the appeal brought them both up, then both might be reviewed. If it did not bring both up, then it is impossible to say that it brought either of them. We think the practice will be much more certain, to require a distinct appeal from each judgment and subsequent appealable order, and that the statute evidently contemplates that course.

The appeal is dismissed.