SWEET VS. MITCHELL and others.

Except in cases where a review of an intermediate order is allowed upon appeal from a final judgment, the statute requires a *separate* appeal from each judgment or appealable order.

One notice of appeal from two orders, and one undertaking on appeal, though in a sum equal to the aggregate required by law in case of two separate appeals, are not sufficient.

APPEAL from the Circuit Court for *Dane* County.

The case is stated by the court.

*J. Downer* and *Mat. H. Carpenter*, for appellant.

*James S. Brown*, for respondents.

*By the Court*, DIXON, C. J.    The appeal in this case must be dismissed.    It is from two orders described in the notice as "the order of the circuit court for the county of Dane, made in the above entitled action November 15th, 1862, overruling and denying the motion of said plaintiff for leave to make and file an amended complaint in said action," and "the order of said circuit court made in said action on or about the 28th day of November, 1862, overruling and denying the motion of said plaintiff for leave to dismiss the complaint and action in this case without prejudice."    The undertaking follows the notice, and is given in the sum of $500.    As to amount, the undertaking is not liable to be the objection urged in *White vs. Appleton*, 14 Wis., 190.    It equals the aggregate required by law in case a separate notice and undertaking had been given for each order.    But the appeal is nevertheless irregular.    As observed in *Chamberlain vs. Sage*, 14 Wis., 193, except in cases where the review of an intermediate order is allowed upon appeal from a final judgment, the statute evidently contemplates a separate appeal from each judgment or appealable order. This is obvious from a perusal of the fourth and fifth sections of the act—chap. 264, Laws of 1860.    Not only must there be a separate notice and undertaking, but a separate return to each order, so that the roll in this court may be distinct and

complete without reference to any other return.    Great difficulty and confusion would have ensued in transacting the business and keeping the records of this court, had a different practice been provided.    In this case, were we to affirm one and reverse the other, two judgments would be required to give effect to the decision of the court upon a single appeal. Each party would be entitled to judgment for costs upon the order in which he had prevailed.    Such a practice is not to be tolerated.

As to intermediate orders reviewed upon appeal from a judgment, the statute is but a re-enactment of the practice at common law in like cases.    Double appeals are not allowed.    The appeal is single from the judgment, the orders being saved by exceptions as provided in section twelve, which in an appeal from an order are unnecessary.

Appeal dismissed.