NOBLE and others vs. STRACHAN and another.

APPEAL — STAY OF PROCEEDINGS.    (1) *One appeal from two orders.*    (2) *Order staying proceedings not appealable — Right of plaintiff to dismiss action as to one defendant.*    (3) *Remedy for stay of proceedings.*

1. The circuit court made an order dated October 9, 1872, granting defendant's motion for a stay of proceedings in the action until the determination of certain proceedings in bankruptcy against one of them, and denying plaintiff's application for leave to discontinue the action as to one of the defendants. It also made a separate order of the same date granting such stay of proceedings, and another order the next day, denying such application for a discontinuance. Thereupon plaintiffs appealed " from the whole of the orders and each of them made and entered in said cause  *  *  on the 9th of October, 1872." *Held*, that this was substantially an attempt to bring up for review two separate orders by a single appeal; and that the appeal was for that reason ineffectual for any purpose. *White v. Appleton*, (14 Wis., 190), and other cases, followed.

2. The order staying proceedings in the action was not appealable (*Parmalee v. Wheeler*); and the plaintiffs, on payment of the taxable costs, may dismiss their action as to one of the defendants by an order as of course (there being no counterclaim), notwithstanding the order of court denying their application for leave to do so (*Bertschy v. McLeod, ante,* p. 205); and for these reasons also this appeal must be dismissed.

3. If the party whose proceedings have been stayed is in danger of being unreasonably delayed by the order, he should move to vacate it; and *it seems* that he might appeal from an order refusing such motion. Per LYON, J.

APPEAL from the Circuit Court for *Iowa* County.

By a contract in writing and under seal, the defendant *Strachan* sold and transferred to the plaintiffs *Noble* and *Hildreth*, and to one Curry, who is the assignor of the plaintiff *Webber*, his farming machine business, which he had theretofore carried on in the city of Mineral Point, together with the good will of such business, and certain contracts with other parties connected therewith. He also covenanted therein to do and per-

form certain acts pertaining to the business, the particulars of which it is unnecessary to state. The defendant *Henry* guarantied the performance of the contract by *Strachan*, by an endorsement upon the contract signed by him, as follows: " For value received, I do hereby guaranty the fulfillment of the above and foregoing contract on the part of said *John Strachan.*"

This action is to recover damages for certain alleged breaches by *Strachan* of the covenants contained in such agreement. The defendants answered, substantially denying the alleged breaches, and averring that before the action was commenced *Strachan* had been adjudged a bankrupt by the United States district court for the western district of Wisconsin.

The defendants presented to the circuit court the proper record evidence to show that such adjudication in bankruptcy had been made, and moved that the proceedings in the action be stayed until the question of the discharge of *Strachan* as a bankrupt should be determined by the district court. The plaintiffs thereupon applied for leave to discontinue the action as to defendant *Strachan*, and to prosecute the same against the defendant *Henry* alone.

The court granted the motion of the defendants, and stayed proceedings in the action until the determination of the bankruptcy proceedings, and denied the application of the plaintiffs for leave to discontinue as to *Strachan.* Both of these rulings are embraced in one order dated October 9, 1872. A separate order *of the same date* was made by the court, granting such stay of proceedings, and another order was made, bearing date October 10, 1872, denying such application for leave to discontinue as to *Strachan.* The plaintiffs appealed " from the whole of the orders, and each of them, made and entered in said cause in the said circuit court on the 9th day of October, 1872."

*Cothren & Lanyon,* for appellants, argued that the court erred in granting the order to stay proceedings without notice of the motion for that purpose having been given. R. S., ch. 140, secs. 28–30, 40; 25 Wis., App. B., New Rule. 2. They

also argued at length that the demands made in this action were not provable in the bankruptcy proceedings, and would not be affected by a discharge of *Strachan* as a bankrupt, and that there was therefore no ground for a stay of the proceedings. 3. They also argued that the liability of the defendant *Henry*, as surety, would not be affected by the proceedings in bankruptcy against his principal (U. S. Bankrupt Law, sec. 33; Bump on Bankruptcy, 440; *In re Levy*, 1 B. R., 66; *Payne v. Able*, 4 id., 67; *S. C.*, 18 Pitts. L. G., 101); and that the court erred in refusing plaintiff leave to dismiss the action as against *Strachan* and proceed against *Henry* alone. R. S., ch. 124, sec. 11, subd. 3; ch. 122, sec. 21; Bump on Bank., 377; *Hoyt v. Freel*, 4 B. R., 34; 8 Abb. Pr. R. (N. S.), 220. 4. They contended that when a court arbitrarily refuses to inquire into or determine a question of right or legal obligation between parties, they deprive the party plaintiff of a *substantial right*, and the order by which this is done is appealable. Laws of 1860, ch. 264.

*Wm. E. Carter*, on the same side, argued that the order was appealable under subd. 1, ch. 264, Laws of 1860, as affecting a substantial right of the plaintiff, since it virtually left it within the power of *Strachan* and his creditors, by indefinitely delaying the proceedings in bankruptcy, to prevent plaintiff from ever prosecuting the action or obtaining a judgment (24 Wis., 168; 15 id., 92; 10 How. Pr. R., 90, 353); that it might perhaps be regarded as appealable under subd. 2, as a "final order affecting a substantial right made in special proceedings," under the definition of special proceedings given in *Ernst v. The Brooklyn*, 24 Wis., 616 (*Ballston Spa Bank v. Marine Bank*, 18 Wis., 492); and that it might also be appealable under subd. 4, as an order "involving the merits," under the decisions upon that subject. 2 Code Rep., 123; 4 How. Pr. R., 331; 10 id., 90; Voorhies' Code, sec. 349, note E.; *Rahn v. Gunnison*, 12 Wis., 530; *Oatman v. Bond*, 15 id., 25; id., 92, 211, 640; 14 id., 436; 19 id., 249; 20 id., 139; 22 id., 99; 12 id., 441.

2. That if appealable the order must be reversed, because the claims here set up were not provable in bankruptcy.  3. As to the right of plaintiffs to sue *Henry* separately, he cited *Stewart v. Gleem*, 5 Wis., 14; *Decker v. Trilling*, 24 Wis., 610; *Mason v. Nichols*, 22 id., 376; 2 Parsons on Con. (4th ed.), 5; and as to their right to dismiss the action as against *Strachan*, he cited Voorhies' Code, 517, note C; 14 How. Pr. R., 95; 16 id., 430; 25 id., 356; 4 Wis., 306; 5 id., 245; 17 id., 126.

*Smith & Henry*, with *S. U. Pinney*, of counsel, for respondents, argued, 1. That if a case was shown wherein the stay of proceedings *might* be granted, the question of the *propriety* of granting it was not the subject of review on appeal.  *In re Rosenberg*, 2 B. R., 81; *Sampson v. Burton*, 4 id., 1; *In re Metcalf*, 2 Benedict, 78; *Roby v. Hudd*, 22 Wis., 638.  2. That the appeal was irregular in that it embraced two orders, if not three. *White v. Appleton*, 14 Wis., 190; *Chamberlain v. Sage*, id., 193; *Sweet v. Mitchell*, 17 id., 125.  3. That the motion to stay proceedings was not of such a character as to require a previous notice; that such notice as the court deemed reasonable under all the circumstances was enough; and that the ruling of the court was equivalent to granting an order to show cause on shorter time.  4. That the demands made in the complaint were provable in the bankruptcy proceedings, and the action was required to be stayed by sec. 21 of the bankrupt law.*  5. That the object of the bankrupt law would be defeated if the plaintiffs were permitted to dismiss as to *Strachan*, and proceed against *Henry*, since the whole burthen of defending must necessarily fall upon *Strachan* as the principal.

LYON, J.  I.  This is substantially an attempt to bring here for review two separate and distinct orders, by a single appeal.

---

*The question whether the plaintiffs' demands, as averred in the complaint, were such as might be proved in the bankruptcy proceedings, was argued elaborately by counsel on both sides; but the arguments and citation are omitted here, as this court does not pass upon the question.— REP.

This court has held that this cannot be done, and that an appeal of that character is ineffectual for any purpose.    *White v. Appleton*, 14 Wis., 190; *Chamberlain v. Sage*, id., 193; *Sweet v. Mitchell*, 17 id., 125.    We must adhere to the rule established by these cases; and it is decisive of the fate of this appeal.

II.    But I am of the opinion that neither of the orders is appealable, and that the appeal should be dismissed for that reason, without regard to the above question of practice.    1st. In *Parmalee v. Wheeler*, decided at the present term, we held that an order staying proceedings in an action until the determination of an action pending in another state is not an appealable order.    It is in the sound discretion of the court to grant an order staying proceedings; and if the party whose proceedings have been stayed is in danger of being unreasonably delayed by the order, he should move the court to vacate it; and if the court refuse to do so, the order made upon such ruling can, probably, be reviewed on appeal therefrom.    But until such refusal, it seems to me that the order staying proceedings cannot, in any correct sense, be said to affect the merits of the action.    2d. I think the plaintiffs had, and, notwithstanding the order of the circuit court, that they still have an absolute right to dismiss their action as to the defendant *Strachan*.  This is the doctrine of the case of *McLeod v. Bertschy* (*ante.* p. 205), also decided at the present term.   Hence, I think that the order denying the application for leave so to discontinue is a nullity, and may be disregarded entirely.   If this view is correct, of course, such order is not appealable, for it cannot possibly affect the merits of the action.    The plaintiffs may still enter an order, of course, dismissing their action against *Strachan*, on payment or tender of the taxable costs therein.    It should be observed that the rule here laid down does not apply in a case where the defendant has interposed a *counterclaim*, as distinguished from a defense.   (See *McLeod v. Bertschy, supra*.)

*By the Court.*—Appeal dismissed.