### B. RENN ET AL. V. E. SAMOS ET AL.

1. APPELLATE JURISDICTION OF THE SUPREME COURT is not limited to the final judgments of the District Court in actions or suits, in the technical meaning of these terms. It extends to its final judgment in "all manner of pleas, plaints, motions, causes, and controversies" in and by which the rights of person and property of the parties to them may and have been finally determined.
2. RECEIVER'S ACCOUNT.—A judgment passing such account may be appealed from, such judgment being final as to the receiver and those interested in the funds.
3. PRACTICE IN SUPREME COURT.—It is inadmissible to join in one appeal several distinct judgments affecting different parties, though made in the same case.
4. STATEMENT OF FACTS, to be considered on appeal, must appear by agreement of parties or certificate of the judge. A paper signed by counsel of one of the parties, and marked "approved," and signed by the judge, will not be treated as a "statement of facts."
5. AFFIDAVITS IN SUPREME COURT will not be heard to show that a paper endorsed "approved" and signed by the judge presiding was intended thereby to be certified as a statement of facts.
6. Parol instructions to the jury, directing them "to find some character of verdict, as both parties preferred any verdict to a mistrial, and not at the time excepted to, will not be revised on appeal.
7. The record, on appeal, should not be encumbered by a bill of exceptions showing conversations of the district judge, to the effect that had he been a juror he would have returned a different verdict.

APPEAL from Anderson. Tried below before the Hon. A. J. Fowler.

This is a record of two hundred and eighty-two pages, and the object of the appeal was to revise the action of the court in passing upon the account of J. M. Wiggins, who had been appointed receiver pending the litigation resulting in setting aside the (alleged) will of Casper Renn, (33 Tex., 760, and 37 Tex., 240,) and also to revise an order retaxing the costs made at the instance of Jas. M. Mead, deputy district clerk.

Motions for new trial were made by plaintiffs in both matters, and which were by the court overruled. Separate

notices of appeal were given, and separate appeal bonds given.

The cause was docketed in Supreme Court in the style of the original suit, B. Renn *et al. v.* Sarah Samos *et al.*, but the parties against whom the appeal was taken, and who were alone interested, were Wiggins, the receiver, and Mead, the deputy district clerk, (who had formerly been district clerk.)

The receiver had made an account, to which plaintiffs had filed exception. An auditor had examined and reported upon the account. Upon trial, a verdict was rendered in favor of plaintiffs for six hundred dollars, upon which the court rendered judgment—

"That said J. M. Wiggins recover in cause No. 1987, wherein Benedict Renn, Sempronius Renn, Marzell Renn, Mathias Renn, Anson Stroble, and his wife, Suzina Stroble, are plaintiffs, and Wm. P. Brittain, Leopold Veeth, and Sarah Samos, executrix of the last will of E. Samos, deceased, are defendants, be required to pay, on or before the 28th day of December, A. D. 1873, to the said plaintiffs, B. Renn *et al.*, or their attorneys of record, the sum of six hundred dollars; and should said J. M. Wiggins, receiver aforesaid, fail to pay said sum at the time mentioned, then he, the said Wiggins, receiver, shall be considered in contempt of the order of this court, and said plaintiffs are authorized to put in suit his bond, and to issue *scire facias* to his sureties on his official bond for six hundred dollars and costs."

Appellee, Wiggins, urged a motion to dismiss the appeal for the reasons: (1,) because there was no agreed statement of facts, and no statement of facts certified and approved by the judge who tried the cause; (2,) because there was no final judgment rendered in the case from which an appeal can lie to this court; and, (3,) because the transcript filed in this cause contains the record of

several distinct original suits against as many different parties.

Other facts appear in the opinion.

*E. W. Bush*, for appellants.

*Reagan, Greenwood & Gooch*, for appellee and for motion to dismiss.

We submit, on the following authorities, that the judgment appealed from as against Wiggins is not a final judgment: Hanks *v.* Thompson, 5 Tex., 6; Warren *v.* Shuman, 5 Tex., 441; Hancock *v.* Metz, 7 Tex., 177; Bradshaw *v.* Davis, 8 Tex. 344; Green *v.* Banks, 24 Tex., 525; Fitzgerald *v.* Fitzgerald, 21 Tex., 415; Neyland *v.* White, 25 Tex., 320; Scott *v.* Burton, 6 Tex., 322; Hagood *v.* Grimes, 24 Tex., 16; West *v.* Bagby, 12 Tex., 34; Martin *v.* Wade, 22 Tex., 224.

The chancery practice and pleadings has no application to our courts, except so far as adopted by express legislation. (Johnson *v.* Davis, 7 Tex., 175; Seguin *v.* Maverick, 24 Tex., 533.)

Moore, Associate Justice.—All the matters in controversy between the plaintiffs and defendants in the original suit out of which the matters now in controversy have grown have, as clearly appears from the transcript, been fully and finally disposed of in accordance with the decisions of our predecessors when the case was heretofore in this court. (See 37 Tex., 240; 33 Tex., 760.) The matters which we are now asked to review and determine are mere incidents to the original suit, and grew out of proceedings had by way of motions and plaints made in it and the action of the court upon them. In these proceedings the defendants to the suit have no interest. They involve the rights and liabilities of the plaintiffs to the suit and the parties by and against whom they were had. Although they were incident to and grew out of the suit between the

plaintiffs and defendants, and may, therefore, very properly be entitled and treated, in one sense, as part and portion of said suit, yet they are sufficiently independent and separate from it to warrant either of the parties whose rights and interests are affected by the ruling of the District Court to bring the same to this court for review. The appellate jurisdiction of this court is not limited to the final judgments of the District Court, in actions or suits, in the technical meaning of these terms. It extends to its final judgment in "all manner of pleas, plaints, motions, causes, and controversies," in and by which the rights of person and property of the parties to them may and have been finally determined. (Const., Art. V, sec. 3; act May 12, 1846, sec. 3; Pas. Dig., art. 1562.)

And whatever may be the character of the proceeding in the District Court, it is only the parties to it and their privies who can invoke the appellate jurisdiction of this court for its review and correction. It therefore follows that the defendants to the original suit are neither necessary or proper parties to the appeals exhibited in the transcript.

It appears, however, while all the matters contained in the transcript are, as we have said, connected with and grew out of the proceedings had in the suit, and therefore it is of no consequence that they were entitled, numbered, and filed with the papers of the original suit, and treated by the court as a part thereof, yet, as to the matters involved in them, they are distinct and independent proceedings, without any connection whatever, except that they are both incident to the suit, and the plaintiffs are parties to both of them.

Separate notice of appeal was given, appeal bonds executed, and errors assigned to the action had in each of the matters presented in the transcript. But the transcript has been docketed, and submitted to us as if it was the record of a case between the original plaintiffs and defendants, and the different matters and rights of the parties interested therein, to whom the transcript shows separate

appeal bonds are given, could all be properly determined and disposed of as mere parts of one case.

As liberal as the practice of this court has always been in all matters relating to the mere form and manner of bringing proceedings of the District Court to which its appellate jurisdiction extends, before it, evidently there would be such an incongruity in presenting appeals in different causes in which different judgments in favor of or against different parties would have to be pronounced, as could not be sanctioned or permitted by the court, unless authorized by statute. This certainly has not been done in cases of this character.

Nor would the amount involved in one case more than the other, the prominence given it in the court below, its priority of determination or position in the transcript, authorize the court to dismiss the other case, or treat so much of the transcript as referred to it as surplusage, if the certificate of the clerk gave the same verity and credit to the record as to both. Under such circumstances the court would be constrained to dismiss both appeals for the improper manner of presenting them.

An examination of the certificate of the clerk, however, relieves us from the necessity of doing this on the present occasion. The clerk certifies that the transcript "contains a true and correct copy of all the papers and proceedings in cause No. 1,981, styled B. Renn *et al.* v. Mrs. Sarah Samos, executrix, *et al.*, in the matter of passing the final account of J. M. Wiggins, receiver in said cause, and also a true statement of a bill of cost in the same." Evidently this certificate does not gives such authenticity to the motion to retax the costs, and the proceedings and judgment of the court thereon, as to require us to regard the appeal taken from the judgment on this motion as being now before us. We are, therefore, warranted in treating so much of the record referring to that matter as surplusage,

or rather as impertinent matter improperly copied into the transcript.

It is also insisted in the motion to dismiss that there is no final judgment against the receiver. This evidently arises from a misconception of the legal effect and import of the judgment. As to the receiver, the judgment is a finality. He was an officer of the court, subject to its jurisdiction. It was unquestionably his duty to account to and with the court, under and by virtue of whose authority he acted. An examination of his accounts, and the determination of the amount to be paid by him into court, or to the parties adjudged by it entitled thereto, was plainly within its jurisdiction; and, as between the plaintiffs and the receiver, would be held in any proceeding against him with like purpose in any other case, *res adjudicata.* The court might, no doubt, have enforced payment of the amount found against the receiver by execution, or imprisonment for contempt, if he failed or refused to pay the amount for which he was chargeable, in obedience to its order. The fact that a less stringent and efficacious remedy for its collection was given the plaintiffs than either of these, does not deprive the judgment of its character of finality. It is not by reason of the order that execution may issue that the judgment becomes final, but execution is ordered because the judgment is final.

The other grounds presented in the motion to dismiss are not such as require any special comment. The motion to dismiss is accordingly overruled.

Thirty-three errors are assigned by appellant for a reversal of the judgment. But we are constrained to hold that there is no statement of facts in the record; and, under the settled practice of the court, there are only two or three of them which we are not precluded from considering, for want of such statement; and neither of the others are entitled to serious consideration.

A hundred and thirty or forty pages of the transcript

is occupied by what may reasonably be supposed, from its import, to have been intended as a statement of facts. But we do not feel warranted in so treating it, though it is so denominated in the marginal notes of the clerk. It is not shown to be a statement of facts, either by agreement of counsel or certificate of the presiding judge. It is not stated, in its beginning or conclusion, that it is a statement of the facts proved on the trial. It is a mere recitation of what we may infer was testimony in the case. At the end of it is found the name of counsel for appellant, and on the opposite side of the page from his signature is written "Approved," underneath which is the signature of the judge before whom the case was tried.

To treat this as a statement of facts would, we think, be a manifest departure from all former decisions of the court on the subject, and do violence to both the letter and spirit of the statute.

The affidavit of the presiding judge, made long after the record was filed in this court, to the effect that he signed the paper copied into the record as a statement of facts, and intended thereby to authenticate it as such statement, cannot be regarded as giving it any additional force or authenticity. This court must look to the record and not to affidavits of the judge or any one else, except where authorized by statute, when called upon to exercise its appellate jurisdiction over the judgments and proceedings had in the District Court. This is too obvious to require comment.

In reference to the alleged error of the court in telling the jury "to find some character of verdict, as both parties preferred any verdict rather than a mistrial, as the case would be taken to the Supreme Court, let their verdict be what it might," it will suffice to say that this statement, as the judge certifies, was made to the jury at the instance of appellant's counsel. If so, surely he should not complain of it. Nor does it appear from the supposed bill of ex-

ceptions found in the record that appellant's counsel excepted to the action of the court at the time it was had. The inference is that he did not do this until after the jury returned their verdict.

The record should not have been encumbered with the opinion of the judge that he would have found a different verdict from that returned if he had been upon the jury, and that the weight of the testimony, as he thought, was with the plaintiffs, expressed in a private conversation had with plaintiffs' counsel after the motion for new trial had been refused. If counsel desired to incorporate such matter into the record, the court should have refused to permit it.

There is no error in the judgment which can be noticed by us. It is therefore affirmed.

AFFIRMED.