## Thomas Dwyer v. Adrian Testard.

(No. 1893, Op. Book No. 2, p. 558.)

ERROR from Washington County. Opinion by WATTS, J.

§ 1228. *Assignment of errors must be signed by party or counsel.* Rule 97 for district and county courts is im-

perative that the assignment of errors must be signed by the party or his counsel, and a paper purporting to be an assignment of errors, found in the record, but which is not signed by the party or his counsel, will not be considered.

§ 1229. *Statement of facts; sufficiency of.* In the beginning the paper purports to be a statement of facts, and it concludes, "We agree that the above is a correct statement of the facts given in evidence on the trial of this case," and is signed by counsel for one of the parties, and is indorsed "approved" and signed by the judge who tried the case. *Held,* that the paper was sufficiently authenticated to require it to be considered as a statement of facts. This paper differed from the one held insufficient in Renn v. Samos, 42 Tex. 104. There, there was nothing in the beginning or conclusion of the paper to indicate that it was intended as a statement of facts. A case more in point is McManus v. Wallis, 52 Tex. 534, where a statement of facts authenticated as the one found in this record was held sufficient.

§ 1230. *Reconvention in an attachment suit; burden of proof is on defendant to show what, etc.* When a defendant in an attachment suit pleads in reconvention, claiming actual damages against the plaintiff for wrongfully suing out the writ, and exemplary damages for maliciously suing it out without probable cause, the burden is upon him to establish by competent evidence the facts that authorize a recovery. To entitle him to recover actual damages he must show: 1st. That the grounds upon which the writ issued are untrue; and 2d. The damages resulting to him from the issuance of the writ. To entitle him to recover exemplary damages he must establish by competent evidence, in addition to the facts above stated: 1st. That there was no probable cause for plaintiff's believing that the grounds upon which the attachment issued were true; and 2d. That the plaintiff sued out the writ maliciously.

§ **1231.** *Belief of plaintiff, if facts are untrue, will not prevent the writ from being wrongful.* It matters not how firmly and sincerely the plaintiff may have believed the grounds stated in his affidavit for the writ to be true, if they were untrue in fact, the attachment issued wrongfully, and the plaintiff must respond for the actual damages caused the defendant by such wrongful issuance of the writ.

§ **1232.** *Malice may be inferred, when; inference repelled, how.* Where it is made to appear that no probable cause existed for the issuance of an attachment, it may be inferred that it was obtained maliciously; but this inference may be repelled by facts and circumstances which show a fair and honest effort to collect a debt believed by the plaintiff to be just.

October 3, 1881.          Reversed and remanded.