SUSAN W. WHITE ᴇᴛ ᴀʟ vs. MARY T. MITCHEL ᴇᴛ ᴀʟ.

SUPREME COURT, TYLER TERM, 1883.

*Appeal---Judgment---Partition.*---The statute provides for a trial and judgment upon the coming in of the report of commissioners appointed to make partition, and we are of the opinion that such a judgment is a final judgment within the meaning and spirit of the law from which an appeal may be prosecuted.

The first judgment declared and determined that in partition the widow was to have set apart to her that portion of the tract embracing the improvements, yet the report of the commissioners and the judgment thereon gave her the portion which did not include the improvements. *Held*, to be such error as to warrant a reversal.

Appeal from Tarrant County.
*M. D. Priest* for appellant.
*J. F. Cooper* for appellee.

Opinion by Stayton, J.
The judgment of June 14th, 1881, determined the rights of the

respective parties in the three hundred and twenty acres of land of which partition was sought.

That judgment was final in its character. Merle vs. Andrews, 4 Tex. 200; McFarland vs. Hall, 17 Tex. 690.

An appeal might have been presented from that judgment, and this seems to have been recognized by the parties. Plaintiffs, after their motion for a new trial was overruled, gave notice of appeal, and caused a statement of facts to be made out and filed; yet, they filed no appeal bond until the 11th of March, 1882. This was too late to perfect their appeal, and in so far as they now seek a revisionly by appeal of the judgment of June 14, 1881, their appeal must be dismissed and as the case is presented, that judgment must be held conclusive of the rights of the parties.

The judgment confirming the report of the commissioners appointed at a former term of the court to partition the land in accordance with the former judgment was rendered on the 7th of January, 1882, and both parties gave notice of appeal therefrom, and filed appeal bonds within the proper time, but the assignments of error filed by the plaintiffs relate only to the judgment of June 14, 1881; hence, they cannot be considered, that judgment not being properly before us for revision.

The judgment of June 14, 1881, established the right of Mary T. Mitchel to have "140 acres to be taken out of the eastern portion of the said survey so as include the improvements on the same."

The judgment entered upon the report of the commissioners gives to her one hundred and forty acres of land off of the eastern end of the survey; but the land so set apart to her does not cover the dwelling house and perhaps some other improvements.

The bill of exceptions shows that 140 acres of land might have been set apart to her off of the eastern portion of the survey, so as to include the improvements.

Mrs. Mitchell filed objections to the report of the commissioners, which among other things set up that the land set apart to her did not embrace the improvements in accordance with the former judgment. Her objections were overruled, and judgment entered in accordance with the report, and she assigns this, among other things, as error.

As before said, the judgment of the former term was final and could not be altered by the court at a subsequent term. The claim

set up by Mrs. Mitchell was for homestead in the interest of her deceased husband, and not for an interest in some part of the tract, without reference to the use to which it had been formerly appropriated.   The first judgment declared and determined that in partition the interest which she should receive, could and should be so set apart to her as to embrace the improvements upon the tract, of which with reference to the homestead use, none could be more important, than the dwelling house which had been the home; yet, the report of commissioners and judgment thereon gave to her a tract which did not include this improvement.

This was error for which the judgment must be reversed.

The other assignments of error relate to irregularities in the proceedings subsequent to the former judgment, and will not probably arise in the proceedings which it will be necessary to prosecute in the further disposition of the case, and it is therefore unnecessary to consider them.

The statute provides for a trial and judgment upon the coming in of the report of commissioners appointed to make partition, and we are of the opinion that such a judgment is a final judgment within the meaning and spirit of the law from which an appeal may be prosecuted.

Renn vs. Samos, 42 Tex. 104.

Scott vs Allen, 1 Tex. 508.

For the error indicated the judgment of the court below is reversed and the cause remanded.