[No. 1649.]

EUGENE GRISWOLD, APPELLANT, v. C. T. BENDER, ADMINISTRATOR OF THE ESTATE OF WARREN D. EPPERSON, DECEASED, RESPONDENT.

APPEALS—BOND—MISJOINDER—RECORD—DISMISSAL.

1. An appeal from an order rejecting a claim against a decedent's estate, from an order dismissing the suit of appellant against the estate as represented by its attorneys ad litem, and the sole heir, and from an order dismissing his suit against the administrator of the estate, with only one undertaking for $300, will be dismissed for misjoinder of appeals.

2. Where an appeal record shows that two cases referred to in the notice of appeal are really one, in which new parties have been substituted, and which has never been tried and determined so far as such record governs, it shows that the case is not yet appealable, and the appeal should be dismissed.

3. Where an appeal record contains no statement on appeal, no bill of exceptions and no specification of error, and the certified copies of the court minutes are not embodied in any statement, the appeal must be dismissed.

APPEAL from the District Court of the Second Judicial District of the State of Nevada, Washoe County; B. F. Curler, Judge.

Action by Eugene Griswold against C. T. Bender, administrator of the estate of Warren D. Epperson, deceased. From an order rejecting his claim against the estate, an order dismissing his suit against the estate as represented by its guardians ad litem and sole heir, and an order dismissing his suit against the administrator, plaintiff appeals. **Dismissed.**

Thomas E. Haydon, and Torreyson & Summerfield, for Appellant:

I. Section 2897, Comp. Laws, provides: "When a claim

is rejected by the executor or administrator, or the district judge, the holder shall be immediately notified by the executor or administrator, and such holder must bring suit in the proper court against the executor or administrator within thirty days after such notice." There is nothing in the record showing that the claimant was ever notified of the rejection of his claim. He was the executor and took notice. He could not, in his individual capacity, sue himself in a representative capacity. He asked the court to appoint attorneys *ad litem* so he could bring suit. This was done by the court, and on August 30th, within thirty days, he brought suit against the persons appointed by the court to defend and represent the estate. A demurrer to this suit was sustained. He asked leave to amend his complaint. Time was granted. In the meantime he was cited to show cause why he should not be removed. He appeared; no evidence was introduced as to his incompetency or his incapacity, but the court of its own motion appointed Chas. T. Bender administrator with the will annexed, and this plaintiff on the 18th day of December, A. D. 1902, within the time allowed by the court, filed his amended and supplemental complaint in this action—a suit to recover upon the recjected claim— and we are now met with the objection that no suit was ever begun upon the said rejected claim.

II. The first ground argued by counsel for the dismissal of the appeal is that no undertaking on appeal was filed after the notice was served. Upon this point counsel rely solely upon the decision of this court in the case of *Johnson* v. *Badger M. & M. Co.*, 12 Nev. 261. Since this decision was rendered this court, while in terms not overruling it, has greatly modified it, and in the case of *Reese M. Co.* v. *Rye Patch M. Co.*, 15 Nev. 343, says: "It follows from these decisions and the terms of the practice act (sec. 341) that, in order to take and perfect an appeal, the party desiring to do so must first file his notice of appeal" (this was done); "next serve it" (this was done); "and within five days of the filing of the notice file an undertaking" (this was done), "which, of course, implies that the notice must be served within five days after it is filed" (this was done). In *Spafford* v. *White River Val. Co.*, 24 Nev. 184, the case in the 15th Nevada is cited with

approval, and in the case of *Peran* v. *Monroe*, 1 Nev. 487, the court holds that an appeal is taken by filing and serving the notice, and the appeal so taken becomes effectual or complete only by the filing of an undertaking within five days after such notice, and the failure to file such undertaking within five days renders the filing of the notice nugatory, but the failure to serve notice does not render the appeal nugatory. This appeal was taken by filing and serving the notice. In *Brooks* v. *Nevada Nickel Syndicate*, 24 Nev. 273, the notice of appeal was served before it was filed. In *Bliss* v. *Grayson*, 24 Nev. 434, the court holds that although a provision of the statute relating to notices of appeal is mandatory, yet the tendency of the courts is to construe them liberally. In *Lyon Co.* v. *Washoe Co.*, 8 Nev. 177, the motion to dismiss was on the ground that the copy of the notice of appeal was filed with the clerk. The court says: "The filing of the notice must precede or be cotemporaneous with the service of the copy." In the case at bar the filing of the notice did precede the service of the same. The affidavit of Thos. B. Haydon is not intended to contradict or vary the record; on the contrary, it is to explain the record. Such an affidavit was considered in the case of *Reese* v. *Rye Patch Co.*, 15 Nev. 343, and was introduced to show that the failure to serve notice was excused by circumstances set forth in the affidavit. We think this court should consider this affidavit as showing a good excuse for serving the notice on August 3d, and that, under the circumstances, it was cotemporaneous with the filing. The affidavit also states no injury occurred.

III. In the case at bar injury could not occur. The notice was filed on August 1st and the undertaking filed the same day. The notice was served on the 3d day of August, and counsel accepted service and made no objections. He saw when he accepted service on the original that it had been filed on the 1st of August and that the undertaking would have to be filed on or before the 6th, and no objection was ever made to the sureties. If he had objected to the service on the 3d, appellant could have filed another undertaking, and thus preserved any rights which he might have lost. The object of the service is to give the adverse party notice so that he may object to the sureties. Counsel knew when

the notice of appeal was filed, because he accepted service on the original which shows that it was filed on August 1st; so the reasoning that he must have opportunity to object to the sureties does not apply. He knew the undertaking had to be filed on the 6th, and by going to the clerk's office he could have ascertained it was filed on the 1st, and that his time to except to the sureties would expire on the 6th. He had all of the 3d, 4th, 5th and 6th to accept—four days—but complains that he. should have had five days, one day more. There is no showing that the sureties are not sufficient. There is no showing that respondent has suffered any injury, or will suffer any, by the failure to serve the notice on the same day. What notice of the filing of the undertaking could the service of a copy of the notice of appeal give? Counsel would have to watch the clerk's office just the same to ascertain when the undertaking was filed. By acknowledging service of the notice of appeal without objection respondent waived the right to object that the notice was not served in time. ( *Withers* v. *Little*, 56 Cal. 373; *Livermore* v. *Webb*, 56 Cal. 489.)

IV. The next ground urged for a dismissal is that there is a misjoinder of appeals; that only one appeal bond is given from three orders specified in the notice of appeal. We answer this by citing the case of *Edgecomb* v. *His Creditors*, 19 Nev. 151, in which it was held that all the orders relate to the same question and same subject-matter, and that they must be treated and considered as one order upon that subject, requiring but one undertaking.

V. The next ground urged is that the action of the court in rejecting the claim on August 4, 1902, is not an appealable order. Section 3041 of the Compiled Laws provides "any party interested in, affected by and aggrieved at the decision and decree of the district court, * * * and any other decision, * * * may appeal to the supreme court of the state, to be governed in all respects as an appeal from a final decision and judgment in [an] action at law." "Any party aggrieved may appeal." From what? To appeal there must be a party and must be "aggrieved." Any party against whom a judgment is rendered is "aggrieved" by it, and entitled to appeal. (Hayne on New Trial and Appeal,

sec. 203, p. 612.) The "parties aggrieved" are parties
against whom an appealable order or judgment has been
entered. (*Ely* v. *Frisbie*, 17 Cal. 260.)

VI. Section 3041 was enacted for some purpose, and we
believe both this section and section 2897 can both stand and
be given effect. Under section 2897 suit can be brought
upon a rejected claim, but there is no section in the act pro-
hibiting an appeal from an order rejecting the claim, or in
the action of the court rejecting the claim. The judge has
acted. He has announced his decision that the claim is an
unjust one and is "rejected," and in our civil practice act
"the decision is the announcement of the court of its judg-
ment" (*Bliss* v. *Grayson*, 24 Nev. 329); and under section
3041 an appeal from a final judgment or decision is governed
the same as in actions at law. So far as the district judge
is concerned, his rejection of the claim is final. The claim
was filed on the 7th day of November, 1899, and was not
acted upon by the judge for nearly three years—August 4,
1902—after a petition had been filed protesting against its
allowance and an answer to the petition denying the allega-
tions set forth in the petition and raising an issue. After
rejection Griswold could not sue himself as executor of the
estate, but within the thirty days he commenced suit against
persons appointed by the court to defend and upon whom
the court ordered all the papers in the estate to be served.
Section 2895 provides that any district judge may file a claim
against the estate of a deceased person, and that "any execu-
tor or administrator may file a claim against the estate of
any deceased person." Section 2897 provides that "when a
claim is rejected by the executor or administrator or the dis-
trict judge, the holder shall be immediately notified by the
executor or administrator, and such holder must bring suit
in the proper court against the executor or administrator,
within thirty days after such notice." He must bring suit
against the executor or administrator when the claim is
rejected by the "district judge." He could not bring suit
against himself as executor, and there is no provision in the
act for bringing suit against the district judge; but in this
case the court appointed attorneys *ad litem* to represent the
estate, and an action was brought by the claimant against

these attorneys as representatives of the estate. An action of the administrator in his capacity, as creditor of the intestate, against himself, in his capacity as representative of the deceased, would be absurd. (2 Woerner, 2d ed. sec. 377, and note 7; *Norton* v. *Walsh*, 94 Cal. 564; *Byrne* v. *Byrne*, 94 Cal. 577; *Bryan* v. *Koles*, 134 U. S. 129; *Phillips* v. *Phillips*, 18 Mont. 309.) Griswold as an individual could not sue himself as the executor of the estate, and, had he done so and recovered a judgment, it would have been an absolute nullity, as said by Judge Field·in his concurring opinion in *Bryan* v. *Koles*, 134 U. S. 136.

VII. If an issue was raised by the petition and answer heretofore filed and testimony taken, and the judge made an order rejecting the claim, these proceedings and the testimony could be brought up to this court from the judgment of the court under section 3038, which provides: "All issues of fact in matters of an estate shall be disposed of in the same manner as is by law provided upon the trial of issues of fact in a common-law action." And under this provision, and other sections of the probate act, we submit that the· order is an appealable one.

*Cheney, Massey & Smith*, for Respondent:

I. The action of a court or administrator in rejecting a claim, as provided by the probate act, is a mere summary proceeding, *ex parte* in character, made without a hearing and without evidence. (Comp. Laws, sec. 2896; *Kirman* v. *Powning*, 25 Nev. 394.) Such rejection did not finally determine any right of the appellant against the estate of W. D. Epperson. The following sections of the statute provide a full and complete remedy by an action at law in a court of competent jurisdiction for the determination of appellant's rights, in.which issues are framed and tried according to the settled rules of pleading and evidence, and in which rights may be saved and protected by exceptions, and those rights heard and determined on appeal, and, in the event of error, the action of the trial court properly reviewed. (*Lonkey* v. *Powning*, 25 Nev. 428; Comp. Laws, secs. 2897–2903.)

II. No undertaking on appeal has been given as required. We have, in this record, the strange anomaly and abnormal

proceeding of an undertaking on appeal in the statutory
amount of $300 covering three several and separate appeals
—first, an appeal from a non-appealable order in probate;
second, from an order dismissing an action at law brought
by appellant against W. H. A. Pike, A. E. Cheney, and Mrs.
W. D. Epperson; third, an appeal from an order dismissing
an action at law brought by appellant against C. T. Bender,
administrator, and Mrs. W. D. Epperson. If this is correct
practice, then can appellant gather up all kinds and character
of actions against several different persons, and, by shotgun
methods of procedure, have them all heard and determined
in one appeal. Such is not the rule of this or any other
state. (Comp. Laws, sec. 3436; *People* v. *Center*, 61 Cal. 194;
*Ditch Company* v. *Bachtold*, 109 Cal. 113; *Corcoran* v. *Des-
mond*, 71 Cal. 102.)

III. The record herein presents another abnormal proceed-
ing. Appellant seeks to have reviewed orders made in three
separate and different sections in which there are different par-
ties. He appeals from an order of the district judge in probate
rejecting his claims, from an order dismissing the equitable
proceeding of Griswold against Pike, Cheney, and Mrs.
Epperson, and from an order dismissing an action at law of
Griswold against Bender, administrator, and Mrs. Epperson.
No such joinder is permitted. (Comp. Laws, sec. 3425.)
First, there is no such order in the record. Second, the order
referred to is an order directing that judgment be entered for
costs in favor of Pike and Mrs. Epperson. An interlocutory
order of this character is not appealable. It is not an order
after judgment, and not final, and such an interlocutory
order as can be appealed from. (Comp. Laws, sec. 3425;
*Becker* v. *Becker*, 24 Nev. 476; *Holmes* v. *Iowa M. Co.*, 23
Nev. 23; *Peers* v. *Reed*, 23 Nev. 404.) The appeal from the
alleged order of March 3, 1903, dismissing the case of *Gris-
wold* v. *Bender, Administrator*, should be dismissed by this
court for the following reasons: From that order, it appears
that an action was never commenced against Bender, admin-
istrator. (Comp. Laws, sec. 3117.) The summons and service
quashed is not even in the record. No other summons is in
the record. No action can be said to have been commenced
until a proper summons has been issued under the provision

of the statute above cited.    The only part of a record of any
action is an alleged complaint.    No part of a judgment roll,
other than an amended complaint, is shown.    Counsel for the
appellant, for some reason, has not even included the original
complaint sought to be amended or the motion to quash.
Again, there is no certified record of appeal, no undertaking on
appeal, no judgment roll, no statement of appeal, no bill of
exceptions, no record on appeal, by which any one of the orders
could be reviewed.    There is absolutely nothing before this
court to review.    Taking the record as a whole, it presents such
a mixed mass of unusual and abnormal propositions, based
upon no known method or rule of procedure, that no court
could ascertain therefrom just what was decided by the trial
court.    *The People* v. *Center* tersely says:    "On these four
appeals there is but one transcript; and the transcript as
made up illustrates the confusion which must result if such a
mode of procedure is tolerated.    Mutilated judgment rolls,
motions, orders made before and after judgments, notices, and
affidavits of attorneys are inextricably mingled until it is almost
impossible to ascertain upon what the court below acted.
Separate and distinct appeals cannot be brought to this court
in that way.    Therefore the appeal taken from the order of
the 15th of November, 1879, that taken from the order of
October 31, 1879, that taken from the order of November 5,
1878, also the appeals taken from portions of the judgment
entered November 8, 1878, and from portions of the judg-
ment entered November 9, 1878, are each of them dismissed.
Ordered accordingly."    As showing the confusion presented
by this record, counsel has included in it orders made by the
trial court in a suit brought by Bender, administrator, against
Griswold, for an accounting, which action has only been par-
tially heard and is still pending in the district court.    (Trans.
p. 104.)    We submit, therefore, that the motion to dismiss
be sustained.

*Per Curiam:*

Respondent has moved to dismiss this appeal for numerous
reasons, one of which is that there is a misjoinder of appeals.
The notice of appeal states that it is taken, first, from an
order of the district judge made August 4, 1902, rejecting

appellant's claim against the estate of Warren D. Epperson, deceased; second, from an order of the court dismissing the suit of appellant against the estate of W. D. Epperson, represented by A. E. Cheney and W. H. A. Pike, Esqs., its attorneys *ad litem*, and Mrs. W. D. Epperson, as sole heir, etc.; and, third, from an order dismissing the suit of appellant against Charles T. Bender as administrator, etc. One undertaking on appeal, in the sum of $300, was given to secure the payment of costs and damages which may be awarded against appellant. The litigation in this case is based upon a claim against the estate of W. D. Epperson, rejected by the district judge, and sought to be established by suit.

If the notice of appeal is to control, it is an attempt to bring up in one appeal an order made in a proceeding for the settlement of the estate of a deceased person, and two orders made in separate and independent actions, with one undertaking. The provisions of the statute concerning appeals require an appellant to furnish a written undertaking, with at least two securities, to the effect that he will pay all damages and costs which may be awarded against him on the appeal, not exceeding $300. (Section 3436, Compiled Laws of 1900.) This provision is intended for the security of the respondent, and would be evaded by embracing in one appeal judgments, orders, or proceedings in separate causes. The statute contemplates a separate appeal for each case, unless an order consolidating causes has been made in the trial court. ( *White* v. *Appleton*, 14 Wis. 190; *Chamberlain* v. *Sage*, 14 Wis. 193; *Sweet* v. *Mitchell*, 17 Wis. 125; *Noble* v. *Strachan*, 32 Wis. 314; *De Sylva* v. *Henry*, 4 Stew. & P. 409; *Ayres* v. *Lewellin*, 3 Leigh, 609; *Kelly* v. *Deegan*, 111 Ala. 153, 20 South. 378; *Renn* v. *Samos*, 42 Tex. 104; *Cauley* v. *Pittsburg* (Pa.) 40 Am. Rep. 664; *Brown* v. *Spofford*, 95 U. S. 474, 24 L. Ed. 508; *Rich* v. *Starbuck*, 45 Ind. 310.)

Appellant relies upon *Edgecomb* v. *His Creditors*, 19 Nev. 149, 7 Pac. 533. In that case there were several orders appealed from. All of them related to the question whether certain specified property was exempt from execution. The court treated them as one order upon the subject, requiring but one undertaking on appeal. If the recitals in the notice

of appeal be deemed not conclusive, it may be inferred from copies of court orders in the record before us, if they can be considered for any purpose, that instead of two suits there is in reality only one, and that this action was brought against A. E. Cheney and W. H. A. Pike, as attorneys *ad litem* for the estate, and Mrs. Epperson, while the plaintiff was acting as executor of the estate, and as such was disqualified to sue himself; that later, and after his removal on account of his claim, C. T. Bender was appointed executor with the will annexed, in his stead, and as such was substituted as defendant in the suit; and that orders were made, not dismissing the action, as indicated by the notice of appeal, but dismissing Mrs. Epperson as a party thereto, and ordering judgment for costs in favor of herself and Pike, and that, as to the merits of plaintiff's note and account, the suit is still pending against C. T. Bender as administrator with the will annexed, and has never been tried or determined, and consequently, to that extent, is not yet appealable, even if it be conceded that there is only one suit; that the non-appealable order rejecting plaintiff's claim should be ignored; and that only one appeal bond is required. Among the papers are orders—one dated January 23, 1903, quashing the service of summons, and another March 7, 1903, "that the motion to quash the pretended summons be sustained." What the latter means, for what reason it was made, and the grounds of appellant's exception to it, do not appear. But, beyond all this, and fatal to the appeal as held by this court in *Quinn* v. *Quinn*, 74 Pac. 5, 27 Nev. 156, and numerous cases there cited, there is no statement on appeal, no bill of exceptions, and no specification of error, and the certified copies of the court minutes, not being embodied in any statement, cannot be considered.

It is ordered that the appeal be dismissed.