Missouri, Kansas & Texas Railway Company of Texas v. M. C. Herring.

Decided on motion, April 13, 1910; on merits, June 15, 1910.

#### ON MOTION.

**1.—Statement of Facts—Disagreement—Presumption.**

The record on appeal containing a document properly entitled in the cause and beginning: "The following are the facts and all of the facts testified to upon the trial of the above styled and numbered cause," followed by a detailed statement of testimony, signed by counsel for appellant only, and concluding: "Approved and ordered filed as a correct statement of facts in this case," with the signature of the trial judge, this is presumed to have been made by the judge upon refusal of counsel to agree to a statement of facts, though such refusal is not otherwise certified and will be considered as the statement of facts in the case.

**2.—Same—Cases Followed, etc.**

Bath v. Houston & T. C. Ry. Co., 34 Texas Civ. App., 234; Hess v. State, 30 Texas App., 477, followed, and Renn v. Samos, 42 Texas, 110, distinguished.

#### ON MERITS.

**3.—Carriers of Passengers—Flag Station—Wrongful Ejection.**

Evidence considered and held to support a finding that plaintiff was wrongfully ejected from a passenger train, though holding a ticket for a station at which the train on which he had taken passage was not permitted to stop under the company's rules.

**4.—Same—Nonenforcement of Rule—Pleading.**

Evidence was receiveable on behalf of plaintiff that a rule forbidding the train on which he had taken passage to stop at the station to which he was destined was not being enforced by defendant company, though plaintiff had not plead the fact of such failure to enforce it. The defense pleaded in justification of his ejection from the train while holding a ticket to such station involved the existence and observance of such a rule by the carrier. Proof that the rule had not been enforced was a traverse and not an avoidance of such defense, which the plaintiff was not required to plead.

**5.—Evidence—Practice on Appeal.**

An objection to evidence not made in the trial court can not be urged on appeal.

Appeal from the County Court of Williamson County. Tried below before Hon. T. J. Lawhon.

*W. E. Spell* and *Luther Nickels,* for appellant.

*Chas. L. Harty,* for appellee.

RICE, Associate Justice.—On the 30th of November, 1909, appellee herein filed his motion to strike out the original statement of facts

and dismiss this appeal, on three grounds: First, because said statement of facts was not an agreed statement of facts; second, because the statement of facts as found in the record is not such statement as the law contemplates should be filed by the judge in the absence of an agreement of the parties. Third, because a duplicate copy of said statement has never been made or filed as required by law.

The statement as found in the record contains the proper style and number of the cause and the marginal venue, and begins as follows: "The following are the facts and all of the facts testified to upon the trial of the above styled and numbered cause." Then follows, in regular order, a detailed statement of the testimony. At the conclusion is written the names of counsel for defendant, and under this are the following words: "Approved and ordered filed as a correct statement of facts in this case. (Signed) T. J. Lawhon, County Judge." The instrument was duly filed by the county clerk on August 20th, 1909, which appears to have been in due time.

The above motion was considered by this court on the 8th day of December, 1909, and granted so far as it pertains to the statement of facts and said statement of facts stricken out; since which time appellant has filed its motion, praying that this court should either grant a writ of certiorari or of mandamus to the Honorable Thomas J. Lawhon, county judge of Williamson County, requiring him to make out, file and send up to this court a correct statement of the facts proven upon the trial of this cause in said court, for the purpose of perfecting the record herein. As a basis for said motion it is shown therein that counsel for appellant prepared a statement of facts proven on the trial of the cause in the County Court, which was submitted to the attorney of record for appellee for his approval, but that said attorney failed and refused to approve said statement of facts, and likewise failed and refused to make out a statement of the facts proven upon said trial. Whereupon appellant submitted its own statement of facts to the judge of said court for the purpose of having him make out and file a correct statement of the facts, together with the statement that the attorney for appellee had failed and refused to agree to and approve the statement of facts prepared by it. It is further shown in this connection, that the judge of said court, after having made certain amendments to the statement of facts submitted by appellant, made the notations thereon as above stated, and caused said statement to be filed by the clerk. And that said statement of facts above mentioned was sent up as a part of the record in this cause and was filed in this court on the 9th of October, 1909. Wherefore it contends that said statement of facts is, in law, the proper statement of facts and should be so regarded by this court.

A similar question to the one under consideration was passed upon in Bath v. Houston & T. C. Ry. Co., 34 Texas Civ. App., 234, 78 S. W., 993, in which it was held that a statement of facts made up and filed under conditions almost identical with those in the case at bar was a substantial compliance with the law, and that it was the duty of the appellate court to consider the same as such. This ruling was made upon the authority of Hess v. State, 30 Texas App., 477, 17 S. W., 1099, in which last case it was said:

"In the case before us the only authentication of the statement of facts is in these words: 'Approved, Geo. McCormick, Judge 25th Judicial District.' There is no signature of the attorneys to the statement of facts, and the judge does not certify that they have failed to agree, and that he therefore had made out the statement of facts. If the endorsement of the judge could be considered as a certificate that the above and foregoing was a statement of all the evidence in the case, then the presumption would be indulged and should be indulged, that the parties could not agree and that the judge had thereupon made out the statement of facts." Citing authorities. "In the case of Renn v. Samos, 42 Texas, 110, our Supreme Court say in declining to consider the purported statement of facts under consideration in that case: 'It is not shown to be a statement of facts, either by agreement of counsel or certificate of the presiding judge. It is not stated in the beginning or conclusion that it is a statement of the facts proved on the trial. It is a mere recitation of what we may infer was testimony in the case. At the end of it is found the name of counsel for appellant, and on the opposite side of the page from his signature is written, "Approved," underneath which is the signature of the judge before whom the case was tried.' While it is undoubtedly true that our statute, article 1379, contemplates that there shall be a disagreement on the part of counsel in making up a statement of facts before the court is called upon to do so, yet neither the statute nor any case called to our attention requires such a disagreement of counsel to expressly appear from the statement itself; and we think it is to be implied from the decisions hereinbefore quoted, and also from the cases of Barnhart v. Clark, 59 Texas, 552, and Lacey v. Ashe, 21 Texas, 394, that where it is to be fairly inferred from the entire statement under consideration that the facts, and all of the facts, proved upon the trial, are contained therein, that there has been a failure of the respective attorneys to agree thereon, and that the statement has actually been approved and filed by the judge as a full statement of all of the facts, the statement should be considered by the court. We are of the opinion that considering the statement before us in all of its parts, such is the condition in this case. It is properly entitled and numbered. Its caption is as follows: 'Be it remembered that upon the trial of the above entitled cause the following testimony was introduced and none other.' Thereupon follows, in regular sequence, the testimony preceding the judge's signature, as hereinbefore noted. It appears to have been filed in due time, and to have been approved and ordered filed by the trial judge; and we think it is proper, under the circumstances, to indulge the usual presumption of the regularity of official acts, and to infer that, before the judge so acted, the counsel in fact had disagreed upon the statement. So concluding, we proceed to a disposition of the questions presented by the assignments of error."

We agree fully with the reasoning of the court in said case and conclude that we were in error in striking out the statement of facts on appellee's motion. Wherefore it is ordered that the judgment heretofore rendered by this court on said motion striking out said statement of facts be and the same is hereby in all things set aside and annulled;

and that the statement of facts accompanying the record which was heretofore stricken out by this court be refiled, and the same is hereby regarded as the correct statement of the facts for all purposes of this appeal.

And we likewise conclude that appellant's motion for a writ of certiorari or mandamus should be refused, and it is so ordered.

KEY, CHIEF JUSTICE.—On the 16th day of January, 1909, M. C. Herring purchased a ticket entitling him to ride from Temple to Weir, Texas, on a train of the Missouri, Kansas & Texas Railway Company of Texas. He boarded the next southbound train at Temple, but was put off by the conductor after the train had passed Granger and before it reached Weir. It was night time, cool and raining, and Herring had to walk back to Granger, where he remained until the next day. Thereafter he brought this suit against the railway company, recovered a judgment for $200, and the company has appealed.

The controlling issue in the case was whether or not the plaintiff was wrongfully put off of the train. It was shown that on December 15th, 1908, the railway company had promulgated a rule discontinuing Weir as a flag station for train No. 235, the one upon which the plaintiff was traveling. The meaning of that rule was that the train referred to would not stop at that station. The defendant pleaded that rule in justification, and the plaintiff submitted testimony tending to show habitual disregard of the rule, and other testimony tending to show that appellant's agent at Temple told him the rule referred to would not be enforced, and that he could go to Weir on that train.

The defendant introduced testimony showing that the auditor on the train notified the plaintiff that the train would not stop at Weir, and that he could not travel on it beyond Granger without paying additional fare. However, the plaintiff testified that after he got off at Granger the conductor of the train told him to "come on," and that he understood that to mean that the conductor would stop the train for him to get off at Weir. And he again boarded the train before it left Granger.

The case was submitted to a jury under a charge containing no fundamental error, and not subject to the criticisms urged in appellant's brief. The jury returned a verdict for the plaintiff for $200, and we can not say that it is not supported by testimony. While it is true that, before purchasing his ticket, the plaintiff knew that the defendant had promulgated a rule prohibiting that train from stopping at Weir, still, such knowledge did not necessarily determine his right to travel to his destination upon that train. If by continuous nonenforcement of the rule the defendant had permitted it to become obsolete; or if the plaintiff was misled by the conduct of the defendant's ticket agent and conductor, and thereby induced to believe that the train would stop at Weir, then his expulsion was unlawful.

We can not sanction appellant's contention that it was necessary for the plaintiff to plead that the rule referred to had been so disregarded as to constitute its abrogation. The burden rested upon the defendant to show that the rule was in force at the time in question, and the evidence referred to was admissible without any additional pleading by the plaintiff, because it tended to show that the rule was not then in

force. Appellant objected to the plaintiff's testimony as to what the agent at Temple said concerning the nonobservance of the rule referred to, and the plaintiff's right to disregard the same. The point is made in this court that that testimony was immaterial, because it related to train No. 233, while the testimony shows that the plaintiff sought to travel on train No. 235. That objection was not made in the trial court, and therefore it can not be urged here. However, it is reasonably certain that the conversation referred to between the plaintiff and the agent at Temple related to the next southbound train, which was the one upon which the plaintiff left Temple, and from which he was expelled; and therefore it is immaterial by what number it was designated in that conversation.

All the assignments presented in appellant's brief have received due consideration, and our conclusion is that the judgment should be affirmed, and it is so ordered.

*Affirmed.*