KELSO v. TOWNSEND, ADM'R.

Where there was a statement of facts which was signed by the attorney of the appellant only, and the Judge certified that he " signed the foregoing as a statement of all the material facts proved upon the trial of this cause" &c., it was held that the presumption was that the attorneys of the parties had failed to agree on a statement of facts, in which case the Judge is required to certify a statement.

Error from Gonzales.

*J. Ireland,* for plaintiff in error.

*W. B. Leigh,* for defendant in error.

LIPSCOMB, J.   In this case, if the charge of the Court and finding of the jury can be considered with reference to what purports to be a statement of the facts in the record, there is manifest error ; but if the statement of facts, as contended by appellee it should be, is no part of the record, and should be excluded from it, the charge would stand as an abstract proposition, and there would be nothing to show what was the evidence before the jury.   The statement of facts, found on record, is signed by the counsel for the appellant only, and the Judge certifies under his seal that he " signed the fore- " going as a statement of all the material facts proved upon

" the trial of this cause.   Given under my hand and seal this
" 30th day of October, 1853.          F. JONES,   [L. S.]
                    " Judge 10th Judicial District."

The District Court Act (Art. 788, Hart. Dig.) provides :
" After the trial of any cause, when the party has given notice
" of appeal or intends to give such notice, it shall be the duty
" of the parties respectively, to make out a clear and explicit
" statement or bill of facts given in evidence  on the  trial of
" the cause, and to submit the same to the opposite party or
" his attorney for inspection during the Term ; and if the
" parties or their attorneys agree as to the facts given in evi-
" dence, they shall sign and  seal the same, and submit it to
" the Judge for approval and signature, who shall also sign
" it ; and the statement so  made shall be filed as part of the
" record of the cause ; but if on inspection of the statement
" offered, the parties cannot agree, or the  Judge do not ap-
" prove or sign it, then they shall submit their respective
" statements to the Judge presiding at the trial, who, from
" the statements so furnished him, and from his own knowl-
" edge, shall, during the Term at which the trial was had,
" make out a correct and exact statement of the facts of the
" cause as given in evidence, and shall sign and seal the same
" and cause it to be filed in the record of the cause as a part
" thereof."    It will be seen that the statute requires that both
parties should make out a statement of facts ; but no express
provision is made for a case of one of the parties declining or
neglecting to make out such statement.    Now, there is no ex-
press authority for the Judge to make out a statement in such
case, because he is required to make his statement, in the
event of the parties disagreeing, from their two statements
and his own memory, and in the case presented, there is but
one statement made.    It is not, however, to be supposed, that
it was intended to leave it in the power of one party to defeat
the object of the statute ; and we believe that the implied
right would be in the Judge to certify under his seal a correct
statement of the facts.    It will be recollected that it is only in

the case where the parties cannot agree that the Judge is required to give his statement of the facts under his seal. When they agree, and he approves, he is only required to sign the same. The fact that in this case he certifies to the facts, would create the presumption, or at any rate strengthen it, that the parties had not agreed to a statement of the facts. But it is said that the Judge has not, in this case, made out his own statement of the facts, but has certified to the correctness of the statement of one of the parties. If he was satisfied that the statement, presented to him by the only party who chose to comply with the law, was correct, that it corresponded with his own recollection of the evidence, his adoption of that statement was certainly a compliance with the spirit of the statute, the main object of which was to secure a correct statement of the facts, to become a part of the record.

We believe that it may fairly be presumed from the record, that the appellee declined making a statement, and also refused to give his assent to the correctness of the one made out by the appellant; and under the circumstances, the statement of the facts in this case must be regarded as a part of the record.

The suit was brought by the intestate of the appellee on a promissory note; the defence set up was that the consideration had failed, that it was given in consideration of the agreement on the part of payee to purchase for the benefit of the maker an out standing claim to two slaves, and that the note was not to be paid if he failed to do so, and that he had failed to purchase for defendant's benefit, the said out standing title. It was proven, without any conflicting testimony, that the averments in the plea were true. The Court was requested to charge the jury that if the facts of the plea were proven to be true, they must return a verdict for the defendant. This charge was refused. But at the request of the plaintiff, the Court charged the jury, that if the note was given in consideration of a compromise, the consideration was a good one. Now, there does not appear from the statement of

facts, that any such evidence was before the jury.    The judgment is reversed and cause remanded.

Reversed and remanded.