## THOMAS H. LACEY v. P. H. ASHE.

A writ of error being another mode of appeal, the facts when brought up on error will be considered and reviewed, and the same action had upon them as if brought up on appeal.

Where a statement of facts is signed by the counsel of but one of the parties, it will be presumed that the other declined to make any statement, and refused his assent to the correctness of the one made, and under such circumstances the statement signed by the Judge will not be received as part of the record.

Where there has been no notice of appeal, a statement signed by the counsel of one party only, and approved and signed by the Judge, will not be received as part of the record.

Where the attorneys of the parties agree upon a statement of facts, or where they respectively submit statements to the Judge, a presumption of notice arises, and a statement approved by the Judge under such circumstances will be received on a writ of error.

On writ of error notice of appeal is not a jurisdictional fact as on appeal, and statements of facts may be received where there has been notice in fact, although such notice may not have been entered on the record.

The requirements in Article 788 Hartley's Dig., that in certain cases Judges and attorneys shall seal as well as sign the statement of facts, held to be merely directory, and that the want of a seal is not sufficient to invalidate the statement.

Error from Harris. Tried below before the Hon. Peter W. Gray.

Suit by the defendant in error to recover money advanced for the benefit of plaintiff's in error intestate. Judgment for appellee. The record contains no notice of appeal, but contains a statement of facts signed by the counsel for the plaintiff in error only, and signed also by the Judge without seal.

The only question before the Court was, whether this statement of facts should be received and considered as part of the record.

Lacey v. Ashe.

*Peter Mac Greal,* for plaintiff in error.

*Munson & Lathrop,* for defendants in error cited Hartley's Digest, Articles 788 and 2930 ; 13 Tex. R.. 140.

HEMPHILL, CH. J. The defendant in error urges very strongly that the statement of facts should not be received on the grounds, principally, that there was no notice of appeal, and also that the statement being made out by the attorney of but one of the parties, was not sealed, but only signed by the Judge.

The first position assumed is believed to be a sound view of the law, and as a consequence must lead to a rejection of the statement.

There is no special provision authorizing statements of facts to be received as a part of the record, when the cause is brought up by writ of error. But a writ of error has always been regarded in practice as but another mode of appeal, varying only in such incidents and conditions as may be prescribed specially by Statute, and therefore the facts when brought up by error have been considered and reviewed, and the same action had upon them as if brought up on appeal.

The Statute, (Art. 788,) directs the mode in which statements of facts shall be made out by the attornies, if they agree, or if they cannot agree, then by the Judge, from the respective statements of the attornies and his own knowledge, and it has been held that where the statement is signed by the counsel of but one of the parties, it will be presumed that the other declined to make any statement, and refused his assent to the correctness of the one made by the other party, and that under such circumstances, the statement being signed and sealed by the Judge, was sufficiently authenticated to be received as a part of the record. (8 Texas, 160 ; 13 Texas, 140.)

There is no express authority for the Judge to make out the statement in the case supposed, viz : where the counsel of but

one of the parties submits a statement, and the statement so made has been 'received only on the ground that the right of appeal should not be defeated by the neglect or refusal of the appellee to make out and submit his statement to the Judge. But the defendant contends, and we think properly, that the rule has no application in this case ; that he had no notice of appeal, or intention to appeal, and cannot be charged with refusal or neglect to make out a statement ; that the law does not require of a party in every case in which he may recover judgment, to make out a statement, but only where he has notice that the other party will appeal ; and that consequently where there is no notice there can be no such thing as neglect or refusal chargeable to the party recovering, because he does not submit a statement ; nor is the Judge in this state of the facts authorized to make out and authenticate a statement to be received as part of the record.

There may be cases in which on writ of error, a statement of facts would be received, although there be no formal notice of appeal. As for instance, where the attorneys agree on a statement of facts, or where they respectively submit statements to the Judge. The presumption of notice would arise from these facts, and would be as conclusive as direct notice. On writs of error notice of appeal is not a jurisdictional fact, as it is on appeal, and therefore statements would be received where there has been notice in fact, although such notice may not have been entered of record. But where there has been no notice, and none can be presumed where the attorneys of the plaintiffs in error alone presents a statement, the case has not arisen in which the judge is authorized to make such statement, and if so made, it cannot be received or considered as a part of the record. On this ground the statement of facts as certified in this record must be excluded from consideration.

The second ground is that the statement was not authenticated by the seal of the Judge.

The certificate of the Judge is as follows : " No statement

of facts having been furnished by plaintiff's counsel, I certify that the foregoing contains the suhstance of the testimony given.

(Signed,)                              P. W. GRAY, Judge."

It will be perceived that by the Statute, (Art. 788,) attorneys, when they agree, are required to seal as well as sign the statement, the Judge approving it by his signature alone ; but when they disagree, the Judge is required to seal as well as sign the statements which is then to be made out by himself, although he may adopt the statement as furnished by the counsel of one of the parties.

There is no provision of law which requires either attorneys or Judges to have either official or private seals, and the requisition of a seal as an additional evidence of authentication of statements of facts, has always been deemed so preposterous and absurd, that it has been very generally disregarded in practice.   The signatures are the proper tests of the acts of either the attorneys or the Judge.   Their seals may be attached by any one with a piece of wax or a wafer, with but slight chance of detection.   It may be admitted that as the seal was required by law, it should in practice have 'been affixed.   But the rule is one which has been regarded as more honored in the breach than in the observance.   Nearly twelve years have elapsed since the passage of the Statute, and in the several thousands of causes that have been brought to the Supreme Court since its organization under the State, but few of the statements have been authenticated by seal, the great mass being under signature alone.   If the seal were a matter of substantial importance, it might not be too late to correct the error or reform the practice.   But as it is a mere superfluity— a relict of past absurdity—the rule requiring a seal, which at best may be but a scroll or flourish of the pen, cannot be regarded as more than directory, and that the want of a seal is not of itself sufficient to invalidate a statement of facts.

But the statement in this cause being excluded on the ground first considered, and there being no error, it is ordered that the judgment be affirmed.

Judgment affirmed.