## H. Williams v. The State.

1. STATEMENT OF FACTS. — If a statement of facts be signed by the presiding judge, but not by counsel for one or both of the parties, the presumption obtains that the judge prepared and filed it on account of disagreement of the counsel; and, though silent as to such disagreement, it is sufficiently authenticated by the signature of the judge.

2. POSSESSION OF STOLEN PROPERTY — CHARGE OF THE COURT. — The jury should not be instructed that the possession of recently stolen property is presumptive evidence of guilt; and such a charge constitutes material error when, in view of all the evidence, it was calculated to prejudice the rights of the accused.

APPEAL from the County Court of Comanche. Tried below before the Hon. C. E. WILLIAMSON, County Judge.

The opinion sufficiently states the case.

No brief for the appellant.

*W. B. Dunham*, for the State.

ECTOR, P. J. The defendant in this case was prosecuted for the theft of one log-chain, the property of Thomas Wright. The jury found the defendant guilty, and assessed his punishment at a fine of $15, and one day's imprisonment.

It is insisted on the part of the State that what purports to be a statement of facts is not authenticated as the law requires, and cannot be considered as a part of the record. The statement of facts is signed by the attorneys for the defendant, and by the county judge of Comanche County. It is headed, "A statement of facts," and concludes as follows: "This was the whole testimony in the case." It is properly filed among the papers in the cause, and is copied into the record.

In cases of appeal, when the statement of facts sent up is not signed by counsel on both sides, but is signed by the presiding judge, it will be presumed that a disagreement.

took place between the respective counsel, and that the presiding judge prepared and filed the statement of facts of the cause in evidence, and signed the same, and caused it to be filed in the records of the cause as a part thereof. *Harlan* v. *Haynie*, 9 Texas, 459 ; *Lacey* v. *Ashe*, 21 Texas, 395 ; *Kelso* v. *Townsend*, 13 Texas, 140 ; *Darcy* v. *Turner*, 46 Texas, 30.

We believe that the statement of facts, signed by the presiding judge, which we find in the record of this case, bears sufficient evidence that it was prepared and filed by him as a full statement of the facts given in evidence on the trial of the cause, and that it is in substantial compliance with the law.

There was quite a conflict in the evidence in this case. Thomas Wright, the person whose property is alleged to have been stolen, testified " that sometime in May or June, 1875, he lost a certain log-chain, of the value of two dollars and fifty cents, and that in about three months from the time he lost it he was at the house of the defendant, in Comanche County, who is a married man, and lived about four or five miles from the witness. That at that time, while at the house of defendant, he (witness) saw a log-chain hanging in defendant's house, with a bucket of water hanging on the lower hook of the chain ; that he (the witness) recognized the chain as his, and the one which he had lost about three months before," etc. The State introduced several other witnesses who testified that this chain was the property of the witness Wright.

Mrs. Roberts, a witness for the defense, testified that, in the year 1874, she sold to one J. L. Cage, who then lived in Comanche County, one log-chain similar and like the one described by the witness Wright ; that she had owned the log-chain for ten years ;   *   *   *   that J. L. Cage sold the chain to defendant, Williams, in the early part of 1875,

in January or February ; that she lived near the defendant, and was frequently at his house after he purchased the chain from Cage, and saw the chain and recognized it as the same chain she had owned and let Cage have."

Mrs. Williams, wife of defendant, testified that her husband purchased the log-chain from Cage, her brother-in-law, in February, 1875, the day that Cage left to move to Milam County.

David White testified that, from the description of the chain claimed by the witness Thomas Wright, he knew it to be the same chain J. L. Cage owned and traded to defendant, Williams, in February, 1875 ; that he had used the chain a good deal when owned by Cage, during the year 1874," etc.

Among other instructions, the court charged ·the jury as follows :

" The recent possession of stolen property is *prima-facie* evidence of guilt, but may be rebutted ; and in order that possession may be *prima-facie* evidence of guilt, it must be recent possession — so recent as to raise the presumption of guilt in the party in possession. The jury are the exclusive judges of the credibility of the witnesses and the weight of the testimony."

" In case of reasonable doubt of defendant's guilt, he is entitled to an acquittal. A reasonable doubt is such a doubt as you would not act upon with moral certainty in your own affairs."

Possession of property recently stolen (not the recent possession of stolen property) is a circumstance for the jury, but not to be charged as presumptive evidence of guilt. It is well settled that, under our Code, the jury should not be instructed that the possession of property recently stolen raises a presumption of guilt ; yet such a charge, if not excepted to at the time, will not constitute

material error, unless it was calculated to prejudice the rights of the accused.  *Alderson* v. *The State*, 2 Texas Ct. App. 10.

In view of all the evidence in the case at bar, we are inclined to believe that the charge given on this point was calculated to prejudice the rights of the defendant.

The charge of the court upon the subject of reasonable doubt was incorrect, the word " not " being improperly used in the sentence.  This error, we suppose, occurred inadvertently.

The judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*