WESTERN UNION TELEGRAPH COMPANY v. SANFORD G. BOWEN.

No. 1306. Decided May 26, 1904.

**1.—Telegraph—Damages—Charge—Pleading.**

It was error to submit as an element of damages recoverable for failure to deliver a telegram announcing the death of plaintiff's father, injury to his feelings by being prevented from having the body buried where plaintiff wished, where the pleadings, specially alleging the damages suffered, embraced no such claim. (P. 623.)

**2.—Charge—Inviting Error.**

Error in the charge given can not be held to have been invited by a requested charge, refused, as shown by the indorsement of the court thereon, because embraced in the charge already given; nor does a requested charge denying, under supposed facts, the right to recover certain damages, recognize the right to recover such damages in the absence of the supposed facts. (Pp. 623, 624.)

Error to the Court of Civil Appeals for the First District, in an appeal from Harris County.

Bowen sued the telegraph company and recovered a judgment, which was affirmed on defendant's appeal, whereupon appellant obtained writ of error.

*Norman G. Kittrell, Jr., Hume & Hume,* and *Geo. H. Fearons,* for plaintiff in error.—The Court of Civil Appeals erred in sustaining the first counter proposition under petitioner's first assignment of error, to the effect that the allegations of plaintiff's petition were sufficiently broad, in the absence of special exceptions by petitioner, to justify that portion of the trial court's charge complained of, to wit, "In time to have made arrangements for his father's funeral at Houston," and "or have made arrangements for his father's interment in Houston," because the allegations of the petition were not sufficiently broad to justify this charge. Mims v. Mitchell, 1 Texas, 447, down to Texas & Pacific Ry. Co. v. French, 86 Texas, 96, in unbroken line.

Facts not alleged can not form basis of a judgment: Alamo Fire Insurance Co. v. Davis, 45 S. W. Rep., 605, and authorities cited; Western U. Tel. Co. v. Johnson, 67 S. W. Rep., 338; Bradford v. Malone, 77 S. W. Rep., 22.

*Brashear & Dannenbaum,* for defendant in error.—A general allegation admits evidence of all facts within its scope and not inconsistent with it. The petition alleges that the negligence of defendant company prevented plaintiff from giving any directions concerning his father's burial or the preparations for same; * * * that but for such negligence he would in any event have given directions as to preparations for the burial, and as to the burial itself. Mason v. Kleberg, 4 Texas, 88; Wells v. Fairbank, 5 Texas, 584; Meade v. Rutledge, 11 Texas, 50; Holstein v. Adams, 72 Texas, 487; Smith v. Gulf C. & S. F. Ry. Co., 74 Texas, 276; East & West Texas Lumber Co. v. Barnwell, 78 Texas, 329; Tillman v. Fletcher, 78 Texas, 676; Texas C. Ry. Co. v. Burnett,

80 Texas, 536; Western U. Tel. Co. v. Jeanes, 88 Texas, 232; Missouri Pac. Ry. Co. v. Richmond, 73 Texas, 568; Missouri K. & T. Ry. Co. v. Walden, 46 S. W. Rep., 87; Western U. Tel. Co. v. Trice, 48 S. W. Rep., 770; Laas v. Seidel, 4 Texas Ct. Rep., 828; Nash v. Towne, 5 Wall., 689; Roberts v. Graham, 6 Wall., 578; 22 Enc. Pl. and Prac., pp. 539, 589.

When a litigant requests the submission of an issue, the error, if such, is his.

GAINES, CHIEF JUSTICE.—This suit was brought by the defendant in error against the plaintiff in error to recover damages for an alleged negligent failure of the telegraph company to deliver a telegraphic message. He recovered a judgment which was affirmed upon appeal to the Court of Civil Appeals.

At 3 a. m. on the 18th of October, 1901, D. P. Bowen, the father of plaintiff, died on a farm near Beaumont, on which he had been at work; and on the same day one Hammon, superintendent of the farm, delivered at Beaumont for transmission by the company the following message: "S. G. Bowen, Houston, Texas: D. P. Bowen died at Nederland last night. Come at once or wire." The plaintiff resided in Houston and was there at the time the message reached the office at that place. The message was never delivered, and according to the finding of the jury it could have been delivered by the exercise of proper diligence on the part of defendant. About a month elapsed before the plaintiff learned that his father had died.

After setting out the facts in his petition, the plaintiff alleged his damages as follows: "That upon learning of the death of his father plaintiff was shocked and grieved and caused to suffer great mental distress and anguish that the news had not been earlier conveyed to him by defendant company by the delivery of said message, and that he had been prevented from going to Beaumont and seeing his father before his burial and attending his last rites, and from giving any directions concerning his burial or the preparation for same. That as a consequence of the failure to deliver said message, the father of this plaintiff, while his family was waiting for him to return to his home at Houston, was buried by strangers and a few mere acquaintances, and this fact further caused plaintiff much mental anguish, distress and sorrow. That said plaintiff and his father were much attached to each other, and this plaintiff, as was his duty, would, if he had received said message in due time and as it should have been delivered, have proceeded by the next train to the place where his father's remains were then lying, at or near Beaumont, and if necessary could and would have postponed the burial until his arrival, and would and could have been present and have seen his father before burial, with the remainder of the family including his mother, and would and could have attended his funeral, and could and would in any event have given directions as to the preparations for the burial, and as to the burial itself (all of which things were prevented

by such negligent failure to deliver said message) ; and that plaintiff would have been saved the great sorrow and mental anguish and distress which were occasioned as aforesaid, by the failure to deliver said message, and by the negligence of defendant as above alleged.  Plaintiff further alleges that by the failure to so deliver said message he was kept in ignorance of his father's death for to wit, thirty days after it happened, and for to wit, thirty days after defendant in the exercise of ordinary care should have delivered said message notifying him of said fact.  That when plaintiff did learn the news of his father's death he was shocked and grieved and caused to suffer much mental anguish and distress because of the fact that the news of his father's death had been kept from him during all of said time, and he had not been allowed until so long a time to show the respect owing to a beloved father, even after his burial.  That as a direct result of said negligence and because of the mental suffering aforesaid, plaintiff has been injured and damaged in the sum of nineteen hundred and seventy-five dollars ($1975)."  In the first paragraph the court's charge is as follows:  "If from the evidence you believe that the defendant company failed to deliver to plaintiff the message announcing the death of his father in time for him to have been present at his father's funeral, or in time for him to have made arrangements for his father's burial at Houston; and if from the evidence you believe that such failure (if any) to deliver such message was negligence under all the circumstances of the case, then in such a state of facts, if any, you will (unless you find there is contributory negligence chargeable to plaintiff) find for plaintiff in such sum as from the evidence you believe will compensate the plaintiff for his mental pain and suffering or distress of mind occasioned by his inability to be present at his father's funeral, or to make arrangements for the burial of his father at Houston."   So also in the fourth paragraph the court gave the following instruction:  "If you believe from the evidence that the father of the plaintiff was buried before the defendant could, by the exercise of reasonable diligence, have located the plaintiff and have delivered to him the message announcing the death of his father, then the plaintiff can not recover any damages for not being present at his father's funeral, nor for his father being buried at Beaumont."

There is no allegation in the petition that the plaintiff, if the message had been delivered, would have moved his father's remains to Houston for burial, or that he had suffered any distress of mind by reason of having been deprived of the privilege of doing so.  We are of opinion, therefore, that it was error to instruct the jury to take into consideration mental suffering resulting from such deprivation as an element of the damages to be recovered.  The plaintiff having alleged specially in what respect he was damaged, the defendant was not called upon to meet a claim for other damages not alleged.

But it is insisted that even if the charge is erroneous the defendant can not avail himself of the error, for the reason that it was "invited"

by a special instruction requested on behalf of the company. The request upon which the proposition is based is as follows: "If you believe the father of defendant had been buried before defendant could by the exercise of reasonable diligence have located plaintiff and have delivered him the message, then plaintiff can not recover any damages for not being present at his father's funeral nor for his father being buried at Beaumont." In refusing the instruction, the trial judge wrote upon it, "Refused, given in the main charge," from which it clearly appears that when the special instruction was requested the main charge had already been given. That this can not be considered "invited error" was decided by this court in the case of the Missouri K. & T. Ry. Co. v. Eyer, 96 Texas, 72. Besides we fail to see how a request of the court to charge that if the body of the plaintiff's father had been buried before the message could have been delivered by the exercise of reasonable diligence on the part of the company, the plaintiff could not recover for any damage for not being present at his father's funeral nor for his being buried at Beaumont, can be construed as asking the court to charge the jury that he would in any case be entitled to recover anything.

We find no other error, but for that pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*