## GEO. BROWN v. THE STATE.

### No. 4166. Decided May 5, 1909.

**1.—Burglary—Statement of Facts—Certificate of Approval.**

Where upon appeal from a conviction of burglary, the statement of facts recited no agreement of counsel and was not signed by appellant or any one representing him, but the trial judge certified that the same was a correct copy of all the evidence introduced on the trial of the above numbered and entitled cause reduced to narrative from questions and answers and officially signed, approved and filed the same in due time, the same constituted a sufficient certificate, although the same was signed by the district attorney and did not show whether the statement of facts was made up by the court on account of the failure of the parties to agree. Following Lozano v. State, 81 S. W. Rep., 37. Overruling Hess v. State, 30 Texas Crim. App., 477; Wilson v. State, 34 Texas Crim. Rep., 355.

**2.—Same—Charge of Court—Entry—Force.**

Where upon trial for burglary the evidence showed that the house in question was entered by somebody on the day alleged; that the owner left the house that morning and closed it; that there was no latch on the door; that he returned the same day and found the door standing open and his gun missing; that the defendant was seen near said house with said gun in his possession; that he pawned the same under a different name, etc., there was no error in the court's failure to define the term force or the meaning of the term entry. Distinguishing Strickland v. State, 78 S. W. Rep., 689.

**3.—Same—Sufficiency of the Evidence.**

Where upon trial for burglary the evidence showed that someone entered the alleged burglarized house which had been left closed, and that a gun was taken therefrom, which was found in the possession of the defendant on the same day, and which he afterwards pawned, etc., the conviction was sustained.

Appeal from the Criminal District Court of Harris.   Tried below before the Hon. E. R. Campbell.

Appeal from a conviction of burglary; penalty, two years confinement in the penitentiary.

The opinion states the case.

*J. A. Reynolds,* for appellant.—On question of court's charge and failure to define actual force or breaking: Martin v. State, 1 Texas Crim. App., 525; Jones v. State, 87 S. W. Rep., 1157; Mason v. State, 100 S. W. Rep., 383; Carr v. State, 19 Texas Crim. App., 635, and cases cited in the opinion.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, Judge.—Appellant was indicted in the Criminal District Court of Harris County, charged with burglary. At a trial had in said court, on March 26, 1909, he was convicted, and his punishment assessed at confinement in the penitentiary for two years.

1. He prosecutes an appeal to this court, and assigns in substance these grounds and reasons why the judgment of conviction should be reversed: First, that the verdict is contrary to the law and the evidence, there being no proof of an actual breaking. Second, the defendant was tried in the absence of counsel. Third, the court erred in not charging the offense of burglary. Fourth, the court erred in not charging to the jury the legal definition of force, there being no evidence to show that force was used. Fifth, the court erred in charging the jury that they should not consider the fact that the defendant failed to testify in his own behalf. What purports to be a statement of the facts—recites no agreement—is not signed by appellant or any one representing him, nor is same approved by the court as a statement of facts made up by the court on account of the failure of the parties to agree. It contains merely the following certificate: "I do hereby certify that the foregoing five pages of typewritten matter are a true and correct copy of all the evidence adduced on the trial of the above-numbered and entitled cause, reduced to narrative form from questions and answers." (Signed by the stenographer.) Approved and ordered filed this April 9, 1909, E. R. Campbell, Judge. W. E. Love, district attorney, for the State. The question arises whether this can be considered as a statement of the facts, and we find the decisions of this court in a state of great uncertainty, and in some confusion, if not conflict, on the question. In the case of Hess v. State, 30 Texas Crim. App., 477, it was held that, where a statement of facts was not certified to by the district judge in conformity to the provisions of the statute, and the only authentication of the same was the word "approved" followed by the official signature of the judge, there being no signature of the attorneys, nor recital that they had failed to agree, can not be considered on appeal for want of proper

authentication. Judge White, who wrote the opinion in this case, refers as authority for his position to the following cases: Kelso v. Townsend, 13 Texas, 140; Bateman v. Bateman, 16 Texas, 541; Darcy v. Turner, 46 Texas, 30; Lacey v. Ashe, 21 Texas, 394; Bowden v. The State, 2 Texas Crim. App., 56; Williams v. The State, 4 Texas Crim. App., 178. The rule in Hess v. State was approved by this court in the case of Wilson v. State, 34 Texas Crim. Rep., 355. A directly contrary rule, however, was laid down in the case of Lozano v. State, 81 S. W. Rep., 37. In discussing the question there, Judge Henderson says: "There is what purports to be a statement of facts in the record. However, this is contested by appellant on affidavits. Said purported statement contains at the beginning the title of the case, and then proceeds as follows: "Be it remembered that, upon the trial of this cause, the following are the facts proved," and then proceeds with the testimony of the witnesses, and at the conclusion thereof there is no signature of either the district attorney or appellant's counsel. However, the statement is marked "Approved. A. L. McLane;" and then follows the file mark. The question thus presented is, does this constitute a sufficient certificate on the part of the judge? Of course, it can not be presumed that it is an agreed statement of facts: and if it can be regarded as a statement of facts it must be presumed that the attorneys failed to agree, and the statement of facts was made up by the judge, and signed and approved by him, though he failed to so certify in terms. In Guerrero v. State, 41 Texas Crim. Rep., 161; 53 S. W. Rep., 119, we discussed the authorities on this subject, and cited a number of civil cases. These appear to support the proposition that a statement of facts signed as here presented will be presumed as a statement of facts made up by the judge, in which the parties failed to agree. Renn v. Samos, 42 Texas, 104; McManus v. Wallis, 52 Texas, 534; Schneider & Davis v. Stephens, 60 Texas, 419. In McManus v. Wallis, *supra*. the purported statement appeared to have been made by the judge, and was signed by him officially, but the certificate did not show that the parties had failed to agree on a statement of facts. The court. however, in that case indulged the presumption that the parties had failed to agree. On this subject, see Bowden v. State, 2 Texas Crim. App., 56. The court say: 'It will be recollected that it is only in the case where the parties can not agree that the judge is required to give a statement of facts under his seal. When they agree, and he approves, he is only required to sign the same. The fact that in this case he certifies to the facts would create the presumption, or at any rate strengthen it, that the parties had not agreed to a statement of facts.' To the same effect, see Williams v. State, 4 Texas Crim. App., 178. In this case, as shown above, the statement starts out with the allegation that it is 'statement of the facts proved,' and at the conclusion this is marked 'approved.' and signed by the judge. We hold this to be a sufficient certificate of a statement of facts made out by the judge. Bath v. Houston & T. C. Ry., 78 S. W. Rep., 993;

9 Texas Ct. Rep., 326." We are inclined to think the rule laid down in the Lozano case is the most reasonable and just rule, and the cases not in harmony with it should be, as they are, hereby in terms overruled.

2. It is essential to a proper disposition of the case to review the facts. The evidence showed that Henry M. Chapman lived in Houston, and occupied and controlled a house in Harris County, Texas, about the 5th day of January of this year, which house was entered by somebody on that day; that he left the house that morning to go to work, and closed it up; it was not locked, but the doors closed. He also says there was no latch on the door. He further says: "I did not come back before 12; when I did come back I found my gun missing—the door standing open and my gun gone." He identified the gun as what is known as a Kennedy rifle with his name written on it. Other witnesses testify to having seen appellant near the residence of Chapman with the gun in his possession; that they talked to him, and he said to some of them that he had got the gun from a man over on Andrews street, and that he was going down to the bayou to kill a turtle for a sick lady. This gun was pawned by someone about the time it was taken. George Mendelsohn, the pawn-broker, in general terms identified appellant, except that he did not notice at the time what he afterwards observed to be a scar on his face; that the gun was pawned under the name of and as the property of Albert Yaeger. The gun was produced in evidence and identified fully by Chapman as his gun, and by one Smith as the same gun that he had obtained from Mendelsohn.

Appellant seems to rely chiefly upon the failure of the court to give, in charge to the jury, any definition of force, or the meaning of the term "entry," and in this connection refers to, and seems to largely rely upon, the case of Strickland v. State, 78 S. W. Rep., 689. It was in that case correctly held that the mere possession of recently stolen property, without evidence of a breaking, is insufficient to show the burglary, but that expression and the ruling of the court in this case must, of course, be construed with reference to the facts there in evidence. It appears from the testimony in that case that on December 15th Mrs. Starr, wife of the alleged owner of the house, put a watch in the top of her trunk, in a glass case. It also appears that at this time appellant was about the house, and this is the only time he is shown to have been on the place subsequently to that day. It appears that on Thursday, 19th, Mrs. Starr and her husband departed from the house at 8 or 9 o'clock in the morning, to a neighbor's, to pick cotton, returning about 4 o'clock in the evening, and for the first time Mrs. Starr noticed that the watch was gone. In discussing this state of facts Judge Davidson, speaking for the court, says: "There was no evidence of any disturbance about the premises in any way indicating that any one had been there. So we have a case established for the State of appellant's possession of said watch some time after the dis-

appearance, with no testimony at all as to a breaking or entry of the house, and no evidence showing him about the premises, except on Sunday evening, when Mrs. Starr placed the watch in the trunk. It has been held that possession of recently stolen property, taken from the burglarized house, is a sufficient predicate to justify a conviction for burglary, but in all those cases, so far as we are aware, an entrance to the house by somebody was a necessary condition as a predicate for the burglary conviction. The mere possession of recently stolen property, without evidence of a breaking, is not sufficient to show a burglary. If the breaking is proved, and the party is recently thereafter found in possession of the property taken from the house, it would perhaps be sufficient to justify the conviction for the burglary; but the facts in this case do not so show. We have the fact that appellant was in the house on Sunday evening after the watch was placed in the trunk; that for the first time on Thursday following it was missed, with no evidence that the house was broken, or that defendant was in the house, or near the house, after said Sunday evening." The facts in this case are quite different. In the first place, as we understand, the prosecuting witness Chapman lived alone; that his gun was in the house when he left in the morning his evidence places beyond doubt. The gun was missing when he returned at noon. Appellant was seen about the place and in possession of the gun very soon thereafter. The evidence justifies the belief that he pawned it as his own property and under a fictitious name. It is suggested that the wind may have blown the door open, or that someone might have gone to the place and opened the door and left it open. If there was any fact in evidence raising these issues it probably would have been necessary for the court to have defined the term "entry," as well as what was meant by the word "force," but in the light of this evidence it seems to us when the court instructed the jury, as he did, that if they believed from the evidence, beyond a reasonable doubt, "the defendant George Brown did by force enter said house without the consent of said Chapman, and with the intent to fraudulently take corporeal personal property in said house of value, belonging to said Chapman, from said house, and from the possession of the said Chapman without his consent, and with intent to deprive him of such property and its value, and to appropriate the same to the defendant's use and benefit, then find said defendant guilty of burglary," that he was not required, in the light of the record, to go further, and define what was meant either by the term "entry" or the word "force."

3. Nor do we believe that the evidence is insufficient to sustain a conviction. On the contrary, as we view the facts, they are consistent, and consistent alone, with appellant's guilt of the offense of burglary.

Finding no error in the proceedings it is ordered that the judgment of the court below be, and the same is, hereby affirmed.

*Affirmed.*