George Pollock v. The State.

No. 788. Decided November 9, 1910.

**1.—Aggravated Assault—Statement of Facts—Practice on Appeal.**

Unless the instrument filed as the statement of facts is so fatally defective in its proper authentication that it cannot in reason and fairness be considered as a statement of facts made up and approved in accordance with law, the same will be considered.

**2.—Same—Religious Worship.**

Where, upon trial of aggravated assault, the evidence showed that at the moment the minister dismissed the congregation and before he had left his place, the defendant hurriedly approached the minister and told him that he desired to speak to him, and passed with him to the corner of the building outside of the house and there struck him before the congregation had dispersed, the defendant was guilty of aggravated assault.

**3.—Same—Bill of Exceptions.**

Where, upon appeal from a conviction of aggravated assault, exception was taken to the withdrawal of certain testimony, but no bill of exceptions was reserved at the time, the matter could not be considered on appeal.

Appeal from the County Court of Taylor. Tried below before the Hon. T. A. Bledsoe.

Appeal from a conviction of aggravated assault; penalty, a fine of $25.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.—On question of insufficient statement of facts: Cases cited in opinion.

RAMSEY, JUDGE.—In this case appellant was charged by information with going into and near a place where people were assembled for public worship, and that he did then and there commit an assault and battery upon one M. S. Grume. He was on this charge thereafter convicted of an aggravated assault and his punishment assessed at a fine of $25.

1. We are met at the threshold of the case by a motion by our Assistant Attorney-General to strike out what purports to be a statement of facts. It appears in the record that this statement of facts is not signed or agreed to by counsel for the State and appellant, but

at the bottom of same we find this indorsement: "Approved Dec. 6th, 1909. T. A. Bledsoe, County Judge." The only caption at the beginning of the paper is the following:

"Statement of Facts.

"The State of Texas
                vs.              No. 3193.
  George Pollock."

We think probably under the authority of Brown v. State, 56 Texas Crim. Rep., 87, that we should uphold this as a statement of facts. While the case is slightly different from that considered and held sufficient in Lozano v. State, 81 S. W. Rep., 37, as well as in the Brown case, supra, we think that on appeal an appellant ought not to be denied a hearing with reference to the facts of his case, unless the instrument is so fatally defective in its proper authentication that we ought not in reason and could not in fairness consider it as a statement of facts made up and approved in accordance with law. We shall, therefore, treat the case as if the statement of facts had been duly filed. In this connection it may be further stated that the record comes to us without any bills of exception and a disposition of the case must largely rest upon the facts proven.

2. The record shows that on or about the 21st day of August of last year one M. S. Grume, a Baptist preacher, was holding religious service at the Moro schoolhouse in Taylor County, Texas; that on this day, immediately after Grume had dismissed the congregation appellant came to him in the room where the service was held and said that he wanted to see him; that Grume went with him outside of the schoolhouse; that they went out the east door and stepped to the corner of the house; that appellant then stopped and asked Grume if he said appellant's father and mother were not fit to go to preaching; that he told appellant no; that appellant then struck him with his fist and knocked him down; that Grume got up and appellant again knocked him down; that during this time all the congregation were in the house; that when Grume's wife and the rest of the congregation came out the difficulty ceased; that Grume did not strike appellant and did not attempt to. Mrs. Grume, as well as the witnesses Steen Compton and Wood, testified about the same as did Mr. Grume. Appellant's testimony is not very different except as to the reply of Mr. Grume to his question. He says that after services, that is, after the congregation was dismissed, that he walked down to where Grume was standing near the pulpit and told him that he would like to see him; that they walked out of the schoolhouse door and around the corner of the schoolhouse and went about four steps down the side of the schoolhouse, when he asked Grume if he had said his father and mother were not fit to go to church; that he said yes, and he knocked him down; that Grume got up

and he knocked him down again; that about this time Mr. Grume's wife came up and he did not hit him any more; that he hit Grume because he told him that his father and mother were not fit to go to church.   It is shown by the testimony of some of the witnesses, especially Mr. Wood, that immediately after Mr. Grume had dismissed the congregation and before he moved from his position near the rostrum, appellant walked hurriedly and excitedly toward him and said something to him.   Now, in this state of the record the court charged on aggravated assault substantially in the language of the statute.   The contention of appellant is that the court erred in not affirmatively telling the jury that they could not convict appellant of an aggravated assault unless said assault was committed in a place of religious worship, and that as the undisputed evidence showed that the said assault was not committed in a place of religious worship, but outside of the schoolhouse after services on the inside of the schoolhouse were over, no conviction for aggravated assault could be had and that therefore the verdict and judgment of conviction can not be sustained.   The decision of this court in the case of Blackwell v. State, 30 Texas Crim. Rep., 416, is, we think, opposed to this narrow construction.   In that case it appeared that the assault was committed upon the minister in a congregation of people assembled for religious worship and pending such services.   This congregation was assembled under a brush arbor a few steps from the schoolhouse, which seemed to have been constructed for the purpose of being used in case of emergency, and in connection with and as part of the schoolhouse, and was being used at the time for the purpose of carrying on a protracted service.   Discussing this matter Judge Davidson, speaking for the court, says: "Because the religious services were not being conducted in the house, but under the arbor, it is contended that there is a variance between the allegations in the information and the proof advanced.   The same question was presented by special requested instructions, which were refused by the court.   We are of opinion that the rulings of the court were correct in overruling the objections to the evidence as well as refusing to give the requested charges.   The evidence sufficiently corresponds to the allegations in the information, and does not constitute a variance."   Now, in this case services proper were being held within the four walls of the schoolhouse.   It is shown that the moment the services were dismissed and before the minister had removed from where he was standing appellant hurriedly and excitedly walked down almost the entire length of the building to where the minister is and said to him that he desired to speak to him; that they retired from the building and while the congregation for the most part if not altogether are yet in the house, they pass to the corner of the building where the assault is made upon Mr. Grume.   It was evidently the intention of the law makers in providing that an assault under such circumstances should become aggravated to attach a penalty to one

who interfered with the good order and peace of a religious assembly. It was meant to protect such assemblies of people gathered to worship from rowdyism. To hold that the moment the benediction is said that a minister may be invited from his pulpit and while the congregation is yet in the house and assault him, and that such assault is not aggravated is a doctrine to which we can not accede. The protection of the law extends to the congregation while assembling and dispersing. We think the court was clearly correct in his charge and no error is presented.

3. Again, it is urged as ground of the motion for new trial that the court erred in withdrawing from the jury and instructing them not to consider the testimony of Pollock offered by the State, to the effect that he was justice of the peace in Taylor County; that complaint was made against appellant, in his court, charging him with an assault and battery growing out of the transaction here relied on and that he had entered a plea of guilty to said charge, paid his fine and all costs. It is sufficient answer to this contention that this matter is not presented by bill of exception, nor does it otherwise appear than in motion for new trial. It must seem evident, that as presented, it is not the subject of review in this court.

Finding no error in the judgment of conviction it is ordered that the same be and it is hereby in all things affirmed.

*Affirmed.*