### CHARLES SEROP v. STATE.

No. 2274. Decided February 26, 1913.

**1.—Robbery—Statement of Facts—Statutes Construed.**

Where the statement of facts was signed by the county attorney and approved by the trial judge who stated that the statement of facts was correct, that he approved the same and ordered it filed as a part of the record in the cause, and the same was filed within time, the same was a substantial compliance with Article 824, Code Criminal Procedure, when taken in connection with the Revised Civil Statutes on this subject, although the same was not signed by appellant's counsel. Following Kelso v. Townsend, 13 Texas, 140.

**2.—Same—Bills of Exception.**

Where the bills of exception were not presented and approved and filed within the time allowed by law, the same cannot be considered on appeal, and only objections to the charge complained of in the motion for new trial can be reviewed.

**3.—Same—Charge of Court—Circumstantial Evidence.**

Where, upon trial of robbery, the evidence was not entirely circumstantial, but positive in its character, there was no error in the court's failure to charge thereon.

**4.—Same—Evidence—Conduct of Defendant—Charge of Court.**

The acts and conduct of defendant when he was arrested were admissible in evidence, and there was no error in the court's failure to limit the same.

**5.—Same—Charge of Court—Other Transactions.**

Upon trial of robbery, there was no error in admitting testimony that another person was robbed at the same time and place as the one alleged in the indictment, and no charge in relation thereto was called for.

**6.—Same—Charge of Court—Alibi—Imputing Crime to Another.**

Where, upon trial of robbery, the defense was an alibi. and imputing the crime to another, and the court's charge properly submitted these issues to the jury, there was no error.

**7.—Same—Misconduct of Jury—Affidavit.**

Where the ground of the motion for new trial alleged misconduct of the jury, but no supporting affidavits were attached, the same could not be considered on appeal.

**8.—Same—Sufficiency of the Evidence.**

Where, upon trial of robbery, the evidence supported the conviction, there was no error.

Appeal from the Criminal District Court of Dallas.  Tried below before the Hon. Robt. B. Seay.

Appeal from a conviction of robbery; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Wilson & Williamson,* for appellant.—On question of admitting evidence of other transactions: Burrell Criminal Evidence, sec. 171, pp. 657-658; Horan v. State, 7 Texas Crim. App., 183; Pettibone v. U. S., 148 U. S., 197; State v. Patton, 49 S. W. Rep., 389; Underhill Criminal Evidence, sec. 446.

*C. E. Lane,* Assistant Attorney-General, for the State.—On question of statement of facts: Leggett v. State, 56 Texas Crim. Rep., 125.

HARPER, Judge.—Appellant was convicted of robbery, and his punishment assessed at five years confinement in the penitentiary.

There is a motion made to strike out the statement of facts because not signed by appellant's counsel, although signed by the county attorney, and approved by the district judges.  There are some decisions so holding, but is this a correct construction of the provisions

of our statute? Article 824 of the Code of Criminal Procedure provides that if a case is appealed, a statement of facts may be drawn up and certified and placed in the record as in civil cases. Our Civil Code, Article 1379, provides that if the parties agree upon a statement of facts, they shall sign the same, and it then shall be submitted to the judge, who shall, if he finds it correct, approve and sign it, and the same shall be filed with the clerk; and the next succeeding article (1380 provides if the parties do not agree upon a statement of facts, or if the judge refuses to approve one that is agreed to, the parties may submit their respective statements to the judge, who shall from his own knowledge make out and sign and file with the clerk a correct statement of facts proven on the trial, and such statement shall constitute part of the record.) In the case of Kelso v. Townsend, 13 Texas, 140, Judge Lipscomb held: "Where there was a statement of facts which was signed by the attorney for appellant only, and the judge certifies that he 'signed the foregoing as a statement of all the material facts proved upon the trial of the cause,' etc., it is held that the presumption is that the attorneys failed to agree on a statement of facts, and the judge made out the statement of facts under the authority given him to do so." The opinion further states: "But it is said that the judge has not in this case made out his own statement of the facts, but has certified to the correctness of the statement of one of the parties. If he was satisfied that the statement presented to him by the only party who chose to comply with the law was correct, that it corresponded with his own recollection of the evidence, his adoption of that statement was certainly a compliance with the spirit of the statute, the main object of which was to secure a correct statement of the facts to become a part of the record." This rule was adhered to in Darcy v. Turner, 46 Texas, 30; McManus v. Wallis, 52 Texas, 534, and in the case of Harlan v. Haynie, 9 Texas, 460, it is said: "In this case the statement of facts sent up does not affirmatively show that a disagreement took place between the respective counsel, but as the judge's name is alone signed to it, the presumption is irresistible that they did." Other cases so holding by our Supreme Court could be cited, and as the Code of Criminal Procedure provides that rule prescribed in civil cases shall govern, why should this court give to these articles of the civil statutes a construction different to that given by our Supreme Court to those articles. We think the rule announced by Judge Lipscomb in the Kelso v. Townsend case, supra, is the correct construction to give to those articles of the civil procedure, and the cases holding otherwise are overruled. The object and purpose of the law is to have presented to this court a correct statement of the facts, which must be verified by the signature of the judge trying the case, and when the statement of facts is thus verified, in the absence of any question being raised as to its correctness, it should be considered by this court. This court, we frankly confess, has some decisions holding

otherwise, and striking the statement of facts from the record, although verified by the judge's signature, and we may, in some instances, have followed them, but' they have never appealed to us to be a correct construction of these two articles of the statute, and we will follow them no longer.

In this case the statement of facts is signed by the county attorney, and the same is approved by the judge trying the case, he stating "that the statement of facts is correct and he approves the same, and orders it filed as a part of the record in the cause." It is filed with the clerk in the time permitted by law, and we see no good reason why it should not be considered.

The bills of exception, however, we cannot consider. The law requires of one and makes it his duty to prepare and file within the time allowed his bills of exception. If he does not do so, it is through his neglect, and under such circumstances he has no one to blame but himself. The bills of exception not having been presented, approved and filed within the time allowed by law, the motion is sustained as to the bills of exception, and they are stricken from the record. (Blackwell v. State, 33 Texas Crim. Rep., 278.) But the bills to the admission and rejection of testimony present no material error if considered. Any exception taken to the charge of the court will ·be sufficiently presented if complained of in the motion for new trial.

The court did not err in failing to charge on circumstantial evidence, as the witnesses Baird and Fomby both swear positively as to the identity of defendant as the person who robbed Baird. The acts and conduct of one when he is arrested is always admissible in evidence, therefore, the court did not err in admitting this testimony, nor in failing to limit the effect of it in his charge. It was also permissible to show that Fomby was robbed at the same time and place as Baird, and no charge in relation thereto was called for. The evidence shows that Baird and Fomby were held up ·by two men whom they identify as appellant and Bruce Willis, one of them holding a pistol on Baird and Fomby while the other went through them and took their money, watch, etc. The defendant testified, denying any knowledge of the robbery, and testified that he was at another and different place. The court instructed the jury fully as to this defense, charging them:

"Among other defenses set up by the defendant is what is known as an alibi, that is, that if the offense was committed, as alleged, that the defendant was, at the time of the commission thereof, at another and different place from that at which such offense was committed, and therefore was not and could not have been the person who committed the same.

"Now, if the evidence raises in your minds a reasonable doubt as to the presence of the defendant at the place where offense was committed at the time of the commission thereof, you will find him not guilty.

"If you find and believe that some person or persons at or about the time and place stated in the indictment, did commit the crime of robbery of Joe Baird, but you further find and believe that the parties who did so were Bruce Willis and some other party, then you will find the defendant not guilty; and if you have a reasonable doubt as to whether this is true you will give the defendant the benefit of the doubt and acquit him. If you find that said robbery was committed but was committed by any other two persons than the defendont, the defendant not being present at the time, acting together as principal with the person who so committed said robbery, then you will find the defendant not guilty; and if you have a reasonable doubt as to whether this is true you will give the defendant the benefit of such reasonable doubt and acquit him."

In the motion for a new trial defendant alleges that the jury discussed on their retirement the prevalence and frequency of robbery in the city of Dallas, and alleges that this discussion was detrimental to defendant. This ground of the motion is not supported by the affidavit of any juror nor any person who purports to know that such matters were discussed by the jury, therefore, it presents no error.

The evidence offered in behalf of the State supports the verdict, and the judgment is affirmed.

*Affirmed.*