### Milton Thomas v. The State.

#### No. 5243.   Decided March 12, 1919.

**1.—Murder—Statement of Facts—Practice on Appeal.**

Where the statement of facts is approved by the trial judge though signed only by the attorney for the appellant, and no attack is made on the correctness of the statement, and no effort made to show that the same was never agreed to by the attorney for the State in the lower court, a motion by the State to strike it out on that account is overruled; however, the same being made up wholly of questions and answers, the State's motion to strike out on that account is sustained. Following Mooney v. State, 73 Texas Crim. Rep., 121, and other cases.

**2.—Same—Evidence—Res Gestæ—Practice on Appeal.**

In the absence of a statement of facts, appellant's complaint in admitting certain testimony as part of the res gestæ cannot be considered on appeal.

**3.—Same—Requested Charges—Defense of Another—Charge of Court—Self-Defense.**

Where, upon trial of murder and a conviction of manslaughter, the record showed by bill of exceptions that the defendant fired the fatal shot in the defense of his sister, the court should have submitted the requested charge as to the defendant's right of acquittal, in the defense of his sister, although there was no error in not submitting the requested charge on self-defense as the evidence did not raise this issue.

4.—Same—Evidence—Immaterial Testimony.

There was no error in the court's ruling in refusing to admit testimony that the deceased had a bottle of whisky in his pocket when he was shot.

5.—Same—Evidence—Practice on Appeal.

In the absence of a statement of facts the court can see no error in the admission of evidence as to what was said by a certain witness to another, after the killing, as the same may have been of an impeaching character. ·

6.—Same—Rehearing—Rule Stated—Statement of Facts—Discretion of Court.

The main object of our statute and decisions on the subject of a statement of facts is to secure to appellants and to the appellate courts a correct presentation of the facts in evidence in the trial courts, to attain which object a substantial compliance with the statutes is necessary; but to prevent the defeat of which object, the question as to what is a substantial compliance must be left to the sound judgment of the appellate court. Following Brown v. State, 56 Texas Crim. Rep., 87, and other cases.

7.—Same—Motion for Rehearing.

Where the statement of facts was approved by the trial judge and signed by the attorney for the appellant, and there was no attack on its correctness, and no effort to show that the same was never agreed to by the State's counsel, the same was sufficient and the motion to strike out on that ground is overruled.

Appeal from the District Court of San Jacinto. Tried below before the Hon. E. W. Love, special judge.

Appeal from a conviction of manslaughter; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Wm. McMurray*, for appellant.—On question of refusing charge on defense of another: Chambers v. State, 79 S. W. Rep., 572; Voight v. State, 53 Texas Crim. Rep., 268; Sterling v. State, 15 · Texas Crim. Rep., 249.

*E. A. Berry*, Assistant Attorney General, for the State.—Cited cases in the opinion.

LATTIMORE, JUDGE.—In this case appellant was tried in the court below for the offense of murder, and was convicted of manslaughter and his punishment fixed at confinement in the penitentiary for a period of five years.

We are confronted at the very beginning with a motion made by the Assistant Attorney General to strike out the statement of facts based upon two grounds: first, because the same is not signed and agreed to by counsel representing the State as well as the appellant in the trial court; second, because said statement of facts is wholly in the form of questions and answers.

The statute upon the question of statement of facts contemplates

that both parties to a cause shall sign such statement of facts thereby certifying their agreement thereto, and that thereafter it shall be presented to the trial court who shall approve it, if correct; but the statute also provides that if the parties do not agree, or the court fail to find the agreed statement correct, in either event, the trial court shall make out, sign and file with the clerk a correct statement of facts proven on the trial.

The whole purpose of this statute is to give the parties appealing a method of getting evidence on their contested issues before the appellate court, and to make it so that in any event the trial court be the party to whose approval, this court would look in deciding whether or not said statement of facts be correct. In the instant case the statement of facts is approved by the trial judge, though signed only by the attorney for the appellant. No attack is made on the correctness of the statement, and no effort made to show that the same was never agreed to by the attorney for the State in the lower court. Two authorities are cited in support of the State's motion, both of which we have examined. Pollock v. State, 60 Texas Crim. Rep., 265 was cited, and holds the contrary of the State's contention here, as Judge Ramsey in that case allows a statement of facts to be considered which is not signed by either counsel in the lower court, and is merely marked "Approved, T. A. Bledsoe, Judge." Nor is there any certificate of said judge that there was a disagreement between counsel for the parties in that case. In the other case cited in support of the motion, it appears upon examination that no statement of facts was filed within the time allowed by law. We believe the correct rule to be other than that as stated in the motion. Trimble v. State, 1 Texas Crim., App., 121; Pollock v. State, 60 Texas Crim. Rep., 265; Serop v. State, 69 Texas Crim. Rep., 399, 154 S. W. Rep., 557; Miles v. State, 200 S. W. Rep., 158.

The other ground of the State's motion is well taken and the purported statement of facts will be stricken from the record because the same appears to be made up wholly of questions and answers. Hawkins v. State, 77 Texas Crim. Rep., 520, 179 S. W. Rep., 448; Stephens v. State, 77 Texas Crim. Rep., 30, 177 S. W. Rep., 92; Mooney v. State, 73 Texas Crim. Rep., 121; King v. State, 82 Texas Crim. Rep., 745, 198 S. W. Rep., 72.

Appellant's first bill of exceptions is to the court's action in admitting as part of the res gestae the statement of one Asa Thomas to the effect that appellant had shot deceased. The statement of facts having been stricken out we are unable to say whether such evidence comes within the rule of *res gestae* or not.

We are of opinion that the court should have given the law substantially as set forth in appellant's special charges Nos. 3 and 4. The facts stated in said bills, as approved by the trial court, show that deceased had just shot the sister of appellant while

she was standing in the front door of appellant's home, and that deceased at once started into the house where said assaulted sister was and that appellant then shot him, all transpiring in a moment's time. The main charge of the court below did not submit self-defense either of appellant or another and the said special charges Nos. 3 and 4 are as follows:

Special charge No. 3: "You are further charged: a reasonable apprehension of death or great bodily harm to a near relative of a person will excuse a party using all necessary force to protect the life or person of said near relative, and it is not necessary that should the actual danger provided he acted upon a reasonable apprehension of danger as it appeared to him from his standpoint at the time.

"If from the evidence you believe the defendant killed said Major Bass, but further believe that at the time of so doing the deceased had made an attack upon Bettie Hardin, a sister of defendant which from the manner and character of it and the relative strength and situation of the parties, caused defendant to have a reasonable expectation or fear of death or serious bodily injury to said sister, and that acting on such reasonable expectation or fear the defendant killed the deceased, then you should acquit him."

Special charge No. 4: "You are further charged that if you believe from the testimony, that the deceased Major Bass, at the time of the killing was attempting to do serious bodily harm to the sister of defendant, Bettie Hardin, and the defendant shot and killed the said Major Bass in order to prevent serious bodily harm to his said sister, Bettie Hardin, you will find the defendant not guilty."

Under the just provision of our law our citizens are permitted, in proper cases, to defend the person of another against real or apparent danger under substantially the same rules governing the defense of one's own person, and when the evidence raises that issue the trial court cannot ignore same. If, as stated, in said bill of exceptions, the deceased had in fact shot appellant's sister, and at once advanced toward the place where she was and while so advancing was himself shot by appellant it becomes at least a question of fact for the jury under appropriate instructions as to whether the shooting by appellant under such circumstances was justifiable. This court, through its presiding judge, said, in Mayhew's case, 144 S. W. Rep., 229: "The law is that whatever he may do for himself he may do for another, under such circumstances, and this to be viewed from his standpoint." See also authorities cited in that case.

As appears by this record, we can see no error in refusing appellant's special charge No. 5, as there appears nothing herein to cause appellant to think deceased was making an unlawful attack

upon him, and therefore nothing to give him the right to a charge on self-defense as applied to himself.

We can find nothing in the record making it material evidence that deceased had a bottle of whisky in his pocket when he was shot. and hold that the trial court did not err in excluding testimony of that fact. In the absence of a statement of facts, which is referred to in that part of his bill of exceptions complaining thereof, we can see no error in allowing the evidence of the witness Wash Hardin as to what Bettie Hardin told him after the killing. If a sufficient predicate were laid the evidence was admissible for the purpose of impeaching said witness.

This disposes of the errors complained of, and for the reason that the court below declined to give the substance of the law applicable to defense of another, the judgment of the court below is reversed and the cause remanded for another trial.

*Reversed and remanded.*

## ON REHEARING.

### March 12, 1919.

LATTIMORE, Judge.—In a former opinion of this court the statement of facts in this case was striken out upon motion of the State, said motion containing two grounds, with one of which this court did not agree. The State has filed this motion for a rehearing asking that we either modify our holding in the original opinion declining to sustain the motion of the State to strike out the statement of facts on the ground that it was not properly authenticated, or else that we expressly overrule certain decisions which are cited and discussed by the able assistant Attorney General in his motion for rehearing and which it is contended are not in line with that portion of our original opinion.

Again inspecting the purported statement of facts in this case, we observe that it begins with the words;

### "STATEMENT OF FACTS.

"State of Texas
　　vs No. 3231
Milton Thomas

　　　　　　In the District Court, Ninth Judicial
　　　　　　District, San Jacinto County, Texas,
　　　　　　Special July Term, 1918"

We also note that at the end of said purported statement appears the following:

"I, J. D. Harwood, official shorthand reporter for a special term of the District Court of San Jacinto County Texas, held in August,

A. D. 1918, do hereby certify that the foregoing 37 pages contain a true and correct statement of all the evidence adduced on the trial of the above cause.

Witness my hand this 30th day of August, A. D., 1918.

                       J. D. HARWOOD,
           Official Shorthand reporter for a special
           term of the district court of San Jacinto
           County, Texas, held in August, A. D., 1918.

"We, the undersigned attorneys who participated in the trial of the foregoing cause of the State of Texas v. Milton Thomas, do hereby agree that the foregoing 37 pages contain a true and correct statement of all evidence adduced on the trial of the said cause, and we agree that the same shall be filed with the records of this cause as the statement of facts herein.

Witness our hands this the 30th day of August, A. D., 1918.

                              Attorneys for the State
                                WM. McMURRAY,
                       Attorney for the Defendant

"Approved this the 30th day of
     August, A. D., 1918.
         E. W. LOVE
     Special Judge Presiding at
     a special term of the District
     Court of San Jacinto County, Texas
     at a special term, August A. D., 1918"

We call attention to the case of Brown v. State, 56 Texas Crim. Rep., 87 in which will be found a very similar authentication to that in the instant case, and this court there approves the rule laid down in the Lozano case, 81 S. W. Rep., 37, and after discussing them, expressly overrules those cases holding to the contrary, most of those discussed in the State's motion for rehearing being overruled in said opinion.

We have· found many forms of authentication of statements of fact upheld by this court and the Supreme Court, the general conclusion being that the main object of our statutes and decisions on this subject is to secure to appellants and to the appellate courts a correct presentation of the facts and testimony in the trial courts, to attain which object a substantial compliance with the statutes is necessary; but to prevent the defeat of which object, the question as to what is a substantial compliance must be left to the sound judgment of the appellate courts. No· hard and fast rule as to such authentication has been found, but we suggest that it is always safest to follow the plain path pointed out by our statute.

Believing our former opinion correct in principle and that the

decisions contrary thereto were disposed of in the Brown Case, supra, the motion for rehearing is overruled.

*Overruled.*