

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

April 5, 1957

Honorable Price Daniel
Governor of Texas
State Capitol
Austin, Texas

Opinion No. WW-89

Re: Constitutionality of S.B.
No. 225 to amend the Texas
Liquor Control Act, permit-
ting the holder of a manu-
facturer's license to con-
tinue operating in an area
which subsequently has
voted to prohibit the sale
of beer under local option
election provisions.

Dear Governor Daniel:

You have submitted for our consideration the con-
stitutionality of Senate Bill No. 225, Acts of the 55th Legis-
lature, 1957, the pertinent portion of which reads as follows:

"Section 1. Article II of the Texas
Liquor Control Act is hereby amended by the
addition of a new section, designated Section
2a, which shall read as follows:
"'Section 2a. Regardless of any other
provision of the Texas Liquor Control Act, no
person who has theretofore been issued a
Manufacturer's License shall subsequently be
denied a Manufacturer's License or any renewal
of a Manufacturer's License for the same loca-
tion on the grounds that the sale of beer has
been prohibited by local option election in the
area in which said manufacturer is located; and
any manufacturer's License so previously held,
or issued under this provision, shall authorize
its holder to do all things which a manufacturer
is authorized to do under any other provision
of the Texas Liquor Control Act including but not
limited to manufacture, possession, storage,
packaging, and transportation to areas wherein
the sale of beer is legal.'"

Article XVI, Section 20(a) of the Texas Constitu-
tion specifically grants authority to the Legislature to regulate
the manufacture of intoxicating liquors, in the following language:

"Sec. 20(a) The open saloon shall be and is hereby prohibited. The Legislature shall have the power, and it shall be its duty to define the term 'open saloon' and enact laws against such.

"Subject to the foregoing, the Legislature shall have the power to regulate the manufacture, sale, possession and transportation of intoxicating liquors, including the power to establish a State Monopoly on the sale of distilled liquors."

Senate Bill No. 225 is an Act which regulates the manufacture of intoxicating liquor by allowing such manufacture within certain areas. As such, it is clearly within the authority granted by the above quoted provisions of the Constitution.

Senate Bill No. 225, at first glance, would seem to authorize the sale of intoxicating liquor in an area which has adopted the local option provisions of the Texas Liquor Control Act, in that it authorizes the manufacturer to "do all things which a manufacturer is authorized to do under any other provision of the Texas Liquor Control Act including but not limited to manufacture, possession, storage, packaging, and transportation to areas where the sale of beer is legal." The Texas Liquor Control Act in turn authorizes the holder of a manufacturer's licence "to manufacture or brew beer and to distribute and sell same to others; and to dispense beer for consumption on manufacturer's premises; . . ." Article 667-3, sec.a.

However, the Supreme Court in State v. Texas Brewing Co., 106 Tex. 121, 157 S.W. 1166 (1913), held as follows:

"All powers of government reside in the people, and the officials of the different departments exercise delegated authority; However, the Legislature can exercise all legislative power not prohibited by the Constitution. But the section of the Constitution quoted provides a method (a referendum) by which the voters of a given territory may exercise the sovereign power of legislating upon this subject, which places the law adopted by them above legislative authority, as if it had been embraced in the Constitution, and we must so consider the local option law adopted by the voters of Clay County, for that, like the Constitution, is the exercise of primary sovereignty; therefore, what is prohibited by the local option law to be done in Clay County, as to sale of intoxicating liquors, cannot be authorized by the Legislature to be done there."

See also White v. State, 85 Tex. Cr. R. 42, 210 S.W. 201 (1919) and cases therein cited.

Therefore, the Legislature in granting certain powers to the holders of manufacturers' licenses could not grant such holders the right to sell beer or other intoxicating liquor in a dry area.  Neither do we construe the word "dispense" to mean that the manufacturer is authorized to sell beer in a dry area. The manufacturers under Senate Bill No. 225 merely succeed to the powers originally given the holders of manufacturing licenses under Article 667-3, sec. a, which does not include the sale of beer in a dry area.  Therefore, we construe S.B. No. 225, Acts 55th Legislature, 1957, as not authorizing the sale of beer by a manufacturer within a local option area wherein the sale of beer has been prohibited.  It is our opinion that S.B. No. 225 is not unconstitutional under Article XVI, Section 20 of the Constitution of the State of Texas.

## SUMMARY

S.B. 225, Acts 55th Legislature, 1957, is Constitutional, and a manufacturer within the purview of this bill is not authorized to sell beer in a dry territory.

Yours very truly,

WILL WILSON
Attorney General

By John H. Minton, Jr.
John H. Minton, Jr.
Assistant

JHM:jl:rh

APPROVED:

OPINION COMMITTEE
H. Grady Chandler
        Chairman
Edwin P. Horner
John Reeves
Joe G. Rollins
F. C. (Jack) Goodman